THE CITY OF HARLEM, a Municipal Corporation, and
CLARENCE OLSON, Plaintiff and Appellant, v. STATE
HIGHWAY COMMISSION of the State of Montana, and
the State of Montana, Acting By and Through the State
Highway Commission of the State of Montana, Defen-
dant and Respondent.

No. 11162.
Submitted January 13, 1967.   Decided March 22, 1967.
425 P.2d 718.

282

Harry L. Burns (argued), Chinook, for appellant.

Harry C. Alley (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order dismissing and dissolving an injunction prohibiting the State Highway Commission from proceeding with construction of a primary highway project by-passing the City of Harlem, Montana.

For many years Highway No. 2, a primary highway, has been located adjacent to the business district of Harlem, Montana. On June 26, 1957, an agreement was executed between the State Highway Commission and the United States Bureau of Public Roads wherein the State Highway Commission agreed to construct 4.7 miles of secondary highway which would by-pass the Harlem business district. Pursuant to this agreement the State Highway Commission expended $90,926.70 to acquire all of the land necessary for the right-of-way except for one tract which for some time has been the subject of litigation. Additional preparation for the new route was made by letting a contract to construct a bridge across the Milk river which has since been completed and fully paid for.

An agreement was entered into between the City of Harlem and the State Highway Commission on June 8, 1964, wherein it was agreed that the new highway should be located over the southwest corner of the city. During 1965 the 39th Montana Legislature enacted Chapter 210, Laws of Montana, which required the State Highway Commission to secure the consent

of incorporated municipalities before by-passing them with new secondary highways. The material part of Chapter 210, Laws of Montana, was codified as Section 32-1628, R.C.M.1947, and reads as follows: "32-1628. Bypassing of municipalities—consent of municipal governing body. (1) The highway commission shall not construct highway bypasses or highway relocations projects without prior consent of the governing body of an incorporated municipality when the bypasses or projects:

"(a) Are not part of the national system of interstate highways built under the national defense highway act; and

"(b) Divert motor vehicles from an existing highway route through a municipality incorporated prior to January 1, 1965.

"(2) The highway commission shall notify the governing body of such municipality by certified mail that they propose to bypass the municipality. No contract shall be let nor work commenced until the governing body notifies the commission of its consent, or until the elapse of sixty (60) days after the notice has been sent by the highway commission to such municipality, whichever first occurs. The failure of such municipality to act and notify the highway commission of its action within such sixty (60) day period shall constitute implied consent to the bypass.

"(3) Actual consent or refusal to bypass shall be in the form of a resolution, duly adopted by a majority of the members of the governing body of the municipality.

"(4) The governing body may not withdraw consent once the highway commission has been notified of such consent.

"(5) Nothing contained in this act shall in any way modify the provisions of section 32-1625, R.C.M.1947."

After the enactment of the above-quoted section the City of Harlem brought an action to enjoin further construction of the bypass. The matter was heard on its merits and an order issued releasing the State Highway Department from all prior restraints. From this order the City of Harlem appeals.

Two questions are determinative of all of the issues in this

appeal. (1) Whether application of Chapter 210, Laws of 1965, to the facts of this case would be retrospective? (2) Whether the legislature intended Chapter 210, Laws of 1965 to be applied retrospectively?

The first question requires nothing more than a definition of the word "retrospective." This court has held that the words "retrospective" and retroactive" as applied to laws are synonymous and may be used interchangeably. Continental Oil Company v. Montana Concrete Co., 63 Mont. 223, 231, 207 P. 116, 118. The Continental case further states that a law is retrospective in a legal sense which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions already past.

The record clearly shows that the State Highway Commission had for several years prior to the enactment of Chapter 210, Laws of 1965, been actively engaged with construction of the Harlem bypass. Rights and obligations had been acquired and assumed as the result of the State Highway Commission's exercise of its power to contract under section 32-1608, R.C.M. 1947.

Prior to the enactment of Chapter 210, Laws of 1965, the State Highway Commission had the power to select routes for highways which by-passed municipalities without first gaining consent. The enactment of this new law imposed a restriction on the State Highway Commission by removing that power and imposed the new duty of gaining consent. Therefore we hold that application of section 32-1628 to the facts of this case would be retrospective.

Section 12-201, R.C.M.1947, provides a strict rule for the retrospective application of statutes in the following language: "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared." This section provides a rule of construction which requires that the intent of the legislature is to be gained from the act itself and

from no other source. Mills v. State Board of Equalization, 97 Mont. 13, 33 P.2d 563. We can find nothing in section 32-1628 or from Chapter 210, Laws 1965, which expressly declares a legislative intent to apply the law retrospectively.

Finding no error the order dismissing the injunction is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, JOHN C. HARRISON and CASTLES concur.