No. 13251

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

JEANETTE PENROD,

          Plaintiff,

  -vs-

WILLIAM S. HOSKINSON, M.D.,

          Defendant.

---

Certified by:  U.S. District Court
              Honorable James F. Battin, U.S. District Judge
              presiding.

Counsel of Record:

    For Plaintiff:

        Cate, Lynaugh, Fitzgerald and Huss, Billings, Montana
        George W. Huss argued, Billings, Montana

    For Defendant:

        Anderson, Symmes, Forbes, Peete and Brown, Billings,
        Montana
        Richard F. Cebull argued, Billings, Montana

---

Submitted:  June 3, 1976

Decided: JUL 2 1 1976

Filed: JUL 2 1 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding for declaratory judgment pursuant to Rule 1 of the Rules of the Montana Supreme Court. It is based upon the certification of the Hon. James F. Battin, United States District Judge, presiding in a civil cause in United States District Court for the District of Montana entitled "Jeanette Penrod, plaintiff, v. William S. Hoskinson, M.D., defendant."

The certification states that such litigation involves a controlling question of Montana law as to which there is a substantial ground for a difference of opinion, viz. whether section 93-2624, R.C.M. 1947, as amended, or section 93-2605, R.C.M. 1947, is the applicable statute of limitation. Judge Battin has further certified that adjudication of this question by the Montana Supreme Court will materially advance ultimate termination of the federal litigation.

The precise question for determination as certified by Judge Battin:

> "Is § 93-2624, R.C.M. 1947, as amended, enacted in 1971, or is § 93-2605, R.C.M. 1947, the applicable statute of limitation in a medical malpractice action in which the alleged negligent act took place in May of 1969, the plaintiff allegedly having discovered the negligence in September of 1973, and the action having been filed on April 23, 1975?"

Judge Battin has certified the following facts giving rise to this issue:

> "On May 6, 1969, plaintiff underwent surgery in the Holy Rosary Hospital in Miles City, Montana, where she underwent a hysterectomy, gall bladder removal, and incidental appendectomy. The doctor who performed the surgery was the defendant in this case, WILLIAM S. HOSKINSON, M.D. On September 21, 1973, during a routine physical examination, plaintiff was advised by a physician at the Holy Rosary Hospital that it appeared on X-ray that she had a surgical drain in the area of her spleen.
>
> "On August 15, 1974, plaintiff underwent surgery

- 2 -

at Holy Rosary Hospital for removal of the drain.

"Plaintiff filed a Complaint charging the defendant with malpractice on or about the 23rd day of April, 1975."

Defendant has filed a motion for summary judgment in the federal court action, claiming the action is barred by section 93-2624, R.C.M. 1947. Plaintiff has opposed the motion for summary judgment on the ground that section 93-2605(3), R.C.M. 1947, in conjunction with the "discovery doctrine" set forth in Johnson v. St. Patrick's Hosp., 148 Mont. 125, 417 P.2d 469, makes the filing of plaintiff's complaint timely.

The question for determination involves a finding of the statutory law of Montana, upon which there is no guiding opinion, and specifically deals with the retroactive effect of section 93-2624, R.C.M. 1947. Judge Battin has certified that the answer to the question is controlling in the action before him and that adjudication thereof by the Montana Supreme Court will materially advance ultimate termination of the federal court litigation.

We accepted jurisdiction on March 19, 1976, provided for the filing of briefs, heard oral argument on June 3, 1976 and took the matter under advisement.

We observe that at the time of the alleged malpractice on May 6, 1969, the applicable statute of limitation was the general tort statute of limitation codified as section 93-2605, R.C.M. 1947, providing in part:

"93-2605. Within three years. Within three years:
" * * *

"3. An action upon an obligation or liability, not founded upon an instrument in writing, other than a contract, account, or promise."

In 1966 we held that an action for malpractice does not accrue until the patient learns of it or in the exercise of reasonable

care should have learned of it. Johnson v. St. Patricks Hospital, supra.

In 1971 before plaintiff's action had become barred by section 93-2605, the Montana Legislature enacted a specific statute applicable to medical malpractice actions. This statute has been codified as section 93-2624, R.C.M. 1947, and provides in part:

> "93-2624. Actions for medical malpractice.
> Action for injury or death against a physician
> or surgeon * * * based upon such person's alleged
> professional negligence, or for rendering profes-
> sional services without consent, or for error or
> omission in such person's practice, shall be
> commenced within three (3) years after the date
> of injury or three (3) years after the plaintiff
> discovers, or through the use of reasonable dili-
> gence should have discovered, the injury whichever
> occurs last, but in no case may such action be
> commenced after five (5) years from the date of
> injury. However, this time limitation shall be
> tolled for any period during which such person
> has failed to disclose any act, error, or omission
> upon which such action is based and which is known
> to him, or through the use of reasonable diligence
> subsequent to said act, error or omission would
> have been known to him."

In 1973 this statute was further amended to enlarge the class of persons subject to the statute, but this amendment is irrelevant to the present case. The general three year tort statute of limitation in section 93-2605 has at all times remained in effect.

The gist of plaintiff's contention is that section 93-2624 should not be given retroactive effect and applied to bar plaintiff's action because the legislature did not so intend. Instead, plaintiff argues, the statute of limitations in effect at the time of the alleged malpractice, section 93-2605, in conjunction with the "discovery doctrine" of Johnson , governs plaintiff's action and presents no bar.

The principal contention of defendant is that section 93-2624 is the applicable statute of limitation because the

language exhibits a legislative intent that it be applied to claims arising prior to 1971, the date of its enactment. Defendant argues that so applied, plaintiff's action is barred because five years had expired before it was filed.

At the outset we note section 12-201, R.C.M. 1947, which provides:

> "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

This statute creates a presumption against construing a statute retroactively. Dunham v. Southside National Bank of Missoula, ____Mont.____, 548 P.2d 1383, 33 St.Rep. 372, 376, and cases cited therein. The rationale behind this presumption was first expressed by this Court in Sullivan v. City of Butte, 65 Mont. 495, 498, 211 P. 301, and quoted with approval in Dunham:

> "'While our Constitution does not forbid the enactment of retrospective laws generally, it is a rule recognized by authorities everywhere that retrospective laws are looked upon with disfavor. It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation. * * * The maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation.'"

The intent of the legislature to give a statute retroactive effect as required by section 12-201, must be determined by the statute itself and from no other source. City of Harlem v. State Highway Comm'n, 149 Mont. 281, 425 P.2d 718.

We find nothing in section 93-2624 exhibiting a legislative intent that it be applied retroactively. Absent such intent, it is applicable only prospectively.

The remedy v. right distinction drawn in Gillette v. Hibbard, 3 Mont. 412 and Whitcraft v. Semenza, 145 Mont. 94, 399 P.2d 757, does not mandate retroactive application of section 93-2624. This distinction is significant only in determining

that there are no constitutional or statutory obstacles to legislative enactment of statutes relating to remedies which are retroactive in operation. The distinction is irrelevant to determination of legislative intent that a statute apply retroactively.

Guiterman v. Wishon, 21 Mont. 458, 54 P. 566, is distinguishable and offers no solace to defendant. There the former five year statute of limitation on actions on account was repealed and a new three year statute of limitation enacted. If the new statute of limitation was not given retroactive effect there would be no statute of limitation at all on actions on account. Under such circumstances, this Court found a legislative intent to make the new statute of limitation retroactive.

Defendant cites the Arkansas case of Steele v. Gann, 197 Ark. 480, 123 S.W.2d 520, 120 A.L.R. 754, where a contrary result was reached in support of his position here. The ruling in Steele is based on the proposition that a statute of limitations affects the remedy, not the right, and is to be applied to all cases thereafter brought irrespective of when the cause of action arose, subject to a reasonable period thereafter in which the right can be asserted. This is directly contrary to Montana's statute, section 12-201, which prohibits retroactive operation of statutes "unless expressly so declared". The Florida cases of DeLuca v. Mathews, (Fla.App. 1974) 297 S.2d 854, and Maltempo v. Cuthbert,/(Fla.App. 1974) 288 S.2d 517, cited by plaintiff, are more persuasive in view of our statutes and case law.

Accordingly, we hold that section 93-2605, R.C.M. 1947, is the applicable statute of limitation in a medical malpractice in which the alleged negligent act took place in May 1969, the plaintiff allegedly having discovered the negligence in September 1973, and the action having been filed on April

- 6 -

23, 1975, pursuant to the certificate of facts and issues herein.

_____
Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Edward Dussualt, District
Judge, sitting in place of Mr.
Chief Justice James T. Harrison.