No. 13536

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

TERRY N. WILLIAMS,

      Claimant and Appellant,

-vs-

WELLMAN-POWER GAS, INC., Employer,

    and

HARTFORD ACCIDENT & INDEMNITY COMPANY,

      Defendant and Respondent.

---

Appeal from: Workers' Compensation Court
Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Greg J. Skakles argued, Anaconda, Montana

    For Respondent:

        Poore, McKenzie, Roth, Robischon and Robinson,
        Butte, Montana
        David J. Wing argued, Butte, Montana

---

Submitted: October 7, 1977

Decided: NOV - 4 1977

Filed: NOV 4 1977

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

Claimant Terry N. Williams appeals from the finding, conclusions and order of the Workers' Compensation Court dismissing his claim for benefits on the ground the claim was not timely filed.

Claimant, an employee of defendant Wellman-Power Gas, Inc., was injured in the course and scope of his employment February 15, 1973, when he fell and struck his elbow. He reported the accident to his employer and was taken to see Dr. John P. Lacey, who took X-rays of the elbow. The X-rays were negative, but the doctor could feel broken cartilage in the injured area. He informed claimant the cartilage was not likely to give him trouble but there was a possibility of severe swelling, in which case surgery would be necessary. No treatment was recommended or administered and claimant returned to work without any loss of wages.

The employer was enrolled under Plan II of the Workers' Compensation Act with insurance coverage provided by defendant Hartford Accident & Indemnity Company. A report of occupational injury and disease was filed with the Workers' Compensation Division February 20, 1973. The insurer paid the medical expenses for the initial examination.

On April 10, 1973, the division notified the insurer to forward Form 54, Claim for Compensation, to claimant. The Workers' Compensation Court found this form was duly mailed to claimant, along with a cover letter advising him to fill out the form and return it for the insurer's files. Claimant disputes this finding and denies receiving the form.

Claimant did not file a claim and apparently had no more trouble with the elbow until the summer of 1975, when he began to experience pain while working for a different employer in Alaska. He returned to Dr. Lacey in October 1975, and surgery was performed by a specialist. Claimant filed a claim for compensation with the division December 17, 1975.The division and the Workers' Compensation Court denied the claim.

Claimant presents three issue for review: 1) Did the twelve month statute of limitation under section 92-601,R.C.M. 1947, prior to amendment in 1973, commence to run only after the discovery of a latent injury? 2) Does the amendment to section 92-601, effective July 1, 1973, apply to this action? 3) Should the employer and insurer be found to have waived and be estopped from asserting the statute of limitation?

Because of our disposition of Issue 2), it is unnecessary to discuss Issues 1) and 3).

On February 20, 1973, the date of the accident, section 92-601, provided:

> "Claims must be presented within what time. In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within twelve months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf."

On July 1, 1973, an amendment to section 92-601 became effective. The amendment did not change the twelve month limitation period but added this paragraph:

> "The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement, up to an additional twenty-four (24) months."

Claimant petitioned for an extension under this paragraph, but the court concluded the amendment could not be applied retroactively to give the division discretion to allow the claim.

At the outset, we note that the Workers' Compensation Act has always been liberally construed in favor of the injured claimant. Section 92-838, R.C.M. 1947; Rumsey v. Cardinal Petroleum, 166 Mont. 17, 530 P.2d 433 (1975); State ex rel. Romero v. District Court, 162 Mont. 358, 513 P.2d 265 (1973); Ness v. Diamond Asphalt Co., 143 Mont. 560, 393 P.2d 43 (1964). We also note the 1973 amendment to section 92-601 was passed to alleviate a condition that was directly contrary to the stated purposes and policies of the Workers' Compensation Act. Prior to July 1, 1973, a claim was required to be filed within twelve months of the date of the accident, regardless of the circumstances. If an injury did not manifest itself until more than twelve months after the date of the accident, the injured party had no recourse and simply was required to bear the expenses of the injury. Criticism of this situation is well expressed in 3 Larson, Workmen's Compensation Law, §78.42(b), p. 15-104:

> "It is odd indeed to find, in a supposedly beneficent piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim that has not yet matured; and when it matures, it is already barred. * * *"

The 1973 amendment offered a solution to this problem by granting the division the authority to extend the time period on a reasonable showing of lack of knowledge of the disability. In view of these circumstances, it is not unreasonable to construe the amendment liberally to give it broad application.

However, defendant asserts that to so construe the amendment to apply to the instant claim would be a retroactive application of the statute, contrary to section 12-201, R.C.M. 1947, which states:

> "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

This statute should be read in light of the long-standing definition of "retroactive", expressed in Butte & Superior Mining Co. v. McIntyre, 71 Mont. 254, 263, 229 P. 730 (1924):

> "* * * This is but a rule of construction. A statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability, in respect to transactions already past, is deemed retroactive."

See also:City of Harlem v. State Highway Commission, 149 Mont. 281, 425 P.2d 718 (1967).

To apply the amendment to claims not already barred at the time the amendment took effect would not require retroactive application within the meaning of this amendment. No vested rights are taken away or impaired. No new duties or disabilities are imposed. The amendment simply grants the division the discretion to extend the time period in limited circumstances. The California Supreme Court in Mudd v. McColgan, 30 Cal.2d 463, 183 P.2d 10, 13 (1947), considered an amendment which extended a statute of limitations. The court's reasoning is pertinent:

> "It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy and is applicable to matters not already barred, without retroactive effect. Because the operation is prospective rather than retrospective, there is no impairment of vested rights. Moreover a

- 5 -

party has no vested right in the running of a
statute of limitation prior to its expiration.
He is deemed to suffer no injury if, at the time
of an amendment extending the period of limita-
tion for recovery, he is under obligation to pay.
* * * Thus true retroactive operation of a limita-
tion statute is such as would revive matters that
had already been barred by the lapse of time."

This case is therefore distinguishable from Penrod v. Hoskinson, M.D.,_____Mont._____, 552 P.2d 325, 33 St.Rep. 705 (1976), relied upon by defendants. This Court in Penrod rejected an attempt to retroactively apply a new statute of limitation relating to medical malpractice which would have limited plaintiff's right to sue under the "discovery doctrine". There was no question in Penrod that defendant was asking for retroactive application of the new statute, and we found no manifestation of legislative intent that it be so applied. The instant case does not involve the retroactive application of the amendment but rather the exercise by the division of discretion which it had the power to exercise while claimant was still entitled to file his claim.

We hold the amendment applies to all claims existing July 1, 1973, without retroactive effect. Claimant's action had not been barred by July 1, 1973, and therefore the division had the power to consider his petition for an extension of time. The Workers' Compensation Court erred in holding otherwise.

While defendants argue the matter is still discretionary with the division and the division may refuse to exercise its discretion, this argument has no merit here. The division was obviously under the false impression it had no jurisdiction to consider the matter, and refused to exercise its discretion for that reason.

- 6 -

The judgment is reversed and the cause is remanded to the Workers' Compensation Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

. . . . . . . . . . . . . . . . . . . . . . . .

Mr. Justice Frank I. Haswell, specially concurring:

I concur in the result in the foregoing Opinion.

_____
Justice