No. 14949

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THOMAS B. CASTLES, MARJORIE A.
CASTLES and ROBERT BROWN,

Plaintiff and Respondent,

vs.

STATE OF MONTANA, ex rel., MONTANA
DEPARTMENT OF HIGHWAYS ROBERT B. CLYDE
and NICOLA CLYDE,

Respondents and Appellants.

Appeal from: District Court of the Fourth Judicial District,
In and For the County of Mineral
Hon. Jack L. Green District Judge presiding

Counsel of Record:

For Appellant:

Daniel J. Sullivan argued, Highway Legal Dept.,
Helena, Montana

For Respondent:

Dennis Lind, Missoula, Montana
Chris Swartley argued, Missoula, Montana
Jeane Wilcox argued, Law Student, Missoula, Montana

Submitted: February 29, 1980

Decided: APR 18 1980

Filed: APR 18 1980

Thomas J. Kearney

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Respondents brought this action in the District Court of the Fourth Judicial District, in and for Mineral County, before the Honorable Jack L. Green. Respondents sought an order declaring null and void a quitclaim deed executed by appellant Department of Highways (herein "Department") transferring certain land located in Mineral County to appellants, the Clydes. Respondents also sought a writ of mandate to compel the Department to sell the land in dispute at a public sale. Respondents asserted a statutory right to acquire the property by meeting the highest bid at the public sale they requested.

The parties submitted the case to the District Court on the following agreed facts: Respondents Marjorie and Thomas Castles own certain real property located in Mineral County known as the Nichols Ranch. They acquired the property from Kenneth and Melba Nichols in 1959. In 1944 the Nichols conveyed a part of the Nichols Ranch to the Department for a highway right-of-way. In 1978 the Department conveyed some of the right-of-way property it acquired from the Nichols in 1944 to appellants, the Clydes. The Department quitclaimed the property to the Clydes in exchange for other lands the Department obtained from the Clydes as right-of-way for Interstate 90. The property, originally a part of the Nichols Ranch, conveyed to the Department in 1944 and then conveyed to the Clydes in 1978, constitutes a portion of the property in dispute in this case.

Respondent Brown is in the same situation as the Castles. Brown owns property located in Mineral County known as the Brown Ranch. His predecessors in interest conveyed a part of the ranch to the Department in 1944 for use as highway

-2-

right-of-way. In 1978 the Department conveyed a portion of the property to the Clydes in exchange for lands owned by the Clydes and needed by the Department for Interstate 90 right-of-way. This property, originally a part of the Brown Ranch, conveyed to the Department in 1944 and and then to the Clydes in 1978, is the other piece of property in dispute here.

The Department did not notify either the Castles or Brown of the exchange of the property in dispute. Respondents, therefore, had no opportunity to demand a public sale of the property and then meet the highest bid.

After considering these facts, the District Court entered orders declaring the quitclaim deeds transferring the property in dispute to the Clydes null and void. The District Court also issued writs of mandate commanding the Department to sell the property at a public sale pursuant to sections 32-3909 through 32-3918, R.C.M. 1947, now sections 60-4-201 through 60-4-205, MCA. This appeal followed.

The issues raised on appeal are:

1. Do statutory procedures enacted in 1959 governing the disposition of real property held by the Department apply to property acquired by the Department in 1944?

2. Did the District Court err in issuing writs of mandate commanding the Department to sell the property in dispute at a public sale?

An explanation of the history of the statutory provisions involved here is necessary to understand the first issue raised by appellants. When the Department acquired the property in dispute in 1944 the statutes required the Department to give public notice of its intention to sell any right-of-way property. After notice, the Department could sell the

property at either a public auction or after accepting sealed bids. Section 32-1616, R.C.M. 1947 (as enacted, Ch. 92, Laws of 1939). The statutes as they read in 1944 did not specifically mention the right of the Department to exchange right-of-way property.

The legislature amended section 32-1616 in 1959. The amendment included language expressly granting the Department the power to exchange right-of-way property that is no longer needed. The amendment also established a procedure for the Department to follow in disposing of property. The procedure required the Department to give notice of its intention to dispose of property to the party who originally sold the property to the Department. The statutory setup then allowed the party to demand a public sale of the property and repurchase the property by meeting the highest bid at the public sale. Ch. 210, Laws of 1959.

Appellants contend requiring them to comply with the procedures for exchanging property contained in the 1959 amendment when exchanging property acquired in 1944 makes the amendment retroactive legislation. Appellants correctly point out that no Montana law is retroactive unless expressly so declared. Section 1-2-109, MCA. The 1959 amendment under consideration here is not expressly declared retroactive. It cannot, therefore, be applied in a manner that renders it retroactive. Under this analysis, if the action of the District Court is a retroactive application of the amendment, the District Court erred. Thus, the crucial determination in this case is whether or not the District Court's decision makes the 1959 amendment a retroactive statute.

A retroactive law is one that takes away or impairs vested rights acquired under existing laws or create new

-4-

obligations or imposes new duties in respect to transactions already past. City of Harlem v. State Highway Commission (1967), 149 Mont. 281, 284, 425 P.2d 718, 720. Appellants argue the 1959 amendment as applied by the District Court is a retroactive statute under this definition. They contend requiring the Department to follow the procedure established to exchange property impairs the Department's right to exchange property and creates a new duty to offer the exchange land at public sale and give the parties who sold the property to the Department the opportunity to repurchase it.

Statutes that modify the procedure for exercising a vested right or carrying out a duty do not constitute retroactive legislation. Butte & Superior Mining Company v. McIntyre (1924), 71 Mont. 254, 263-64, 229 P. 730, 733; Minister & Missionaries Benefit Board of American Baptist Churches v. Goldsworthy (1978), 253 Pa. Super. Ct. 321, 385 A.2d 358, 362-63. Goldsworthy presents a situation similar to the case at bar. The parties in Goldsworthy entered into a mortgage agreement. The terms of the agreement allowed the mortgagee to accelerate mortgage payments on default without giving the mortgagor a redemption right. After the parties executed the agreement, the Pennsylvania legislature enacted a law requiring notice to a mortgagor and a redemption period before a mortgagee could accelerate mortgage payments. The mortgagor defaulted on the agreement subsequent to the adoption of the new law concerning payment acceleration. The mortgagee contended the notice and redemption provisions of the new law could not be applied in this situation. The mortgagee argued that doing so would impair a vested right it had acquired through a contract with a mortgagor thus rendering the legislation retroactive and impermissible.

-5-

The Pennsylvania Superior Court rejected the mortgagee's contention. The court held the new law merely added procedural steps to the foreclosure process. The court concluded that as long as these procedures did not deny the mortgagee the ultimate right to foreclose, the new law only postponed the exercise of the right. The legislation was not considered an impairment of a vested right thus making the statute retroactive. Goldsworthy, 385 A.2d at 363.

The rule stated in the above cases applies to this case. The change in the law made by the 1959 amendment to the right-of-way disposition statute only changes the procedure the Department must follow in disposing of property. The Department still has the power to dispose of property after the enactment of the amendment. The amendment merely requires the Department to follow a certain procedure in disposing of property. The end result under both pre and post-1959 law is the disposition of right-of-way property by the Department. The underlying right claimed by the Department has not been impaired nor have additional duties been imposed on the Department. In other words, applying the 1959 amendment in the manner the District Court has done does not make the legislation retroactive. Therefore, the District Court properly held the Department should be required to follow the procedure set up in the amendment when disposing of property acquired before 1959.

The second issue raised on appeal concerns the propriety of the issuance of the writs of mandate compelling the Department to offer the property in dispute at a public sale. A writ of mandate is not a proper tool to compel a party to correct or revise erroneous action already taken. State ex rel. Popham v. Hamilton City Council (1979), ___

Mont. ___, 604 P.2d 312, 314, 36 St.Rep. 2307, 2309; Melton v. Oleson (1974), 165 Mont. 424, 432, 530 P.2d 466, 470; and State ex rel. Thompson v. Babcock (1966), 147 Mont. 46, 50, 409 P.2d 808, 810. That is essentially what the District Court has done here. In issuing the writs of mandate, the District Court is requiring the Department to correct an improper procedure in the sale of the land in dispute by following the proper procedure. Requiring this type of action is beyond the scope of a writ of mandate. Therefore, the District Court improperly issued the writs of mandate and the orders issuing the writs are vacated. The proper action under these circumstances is to return the parties to their initial positions. If the Department attempts to dispose of the property in the future, however, it should give notice to respondents and then offer the property at public sale on demand by respondents.

The judgment of the District Court is affirmed in part and reversed in part.

_____
                                 Justice

We Concur:

_____
          Chief Justice

_____

_____
                Justices