Belknap
No. 2003-529

THE STATE OF NEW HAMPSHIRE

v.

RONALD MARTIN

Argued: May 5, 2004
Opinion Issued: June 1, 2004

*Peter W. Heed,* attorney general (*Ann M. Rice,* associate attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices,* of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Ronald Martin, was convicted on eight counts of aggravated felonious sexual assault, RSA 632-A:2, II (1986) (amended 1992, 2003), after a jury trial in the Superior Court (*Fauver,* J.). On appeal, the defendant argues that, in light of the United States Supreme Court's ruling in *Stogner v. California,* 123 S. Ct. 2446 (2003), the retrospective application of extensions to the statute of limitations to his case violated the *Ex Post Facto* and Due Process Clauses of both the New Hampshire and United States Constitutions. We affirm.

The defendant's convictions stemmed from eight indictments handed down on January 7, 1992. The indictments alleged that between April 11, 1981, and April 10, 1986, the defendant engaged in various acts of sexual penetration with the victim prior to her thirteenth birthday. *State v. Martin,* 138 N.H. 508, 511 (1994). The defendant appealed, *see id.,* arguing, among other things, that the applicable six-year statute of limitations, RSA 625:8, I (1986), had expired, and that retrospective application of the 1990 amendment to the statute of limitations, RSA 625:8, III(d) (1996) (amended 2000), represented an unconstitutional *ex post facto* application of the law, *see* N.H. CONST. pt. I, art. 23; U.S. CONST. art. I, § 10. We affirmed the convictions because "no statute of limitations applicable to the defendant's alleged crimes ever expired prior to the enactment of a longer statute" and, thus, there was no violation of the *Ex Post Facto* Clauses of the State or Federal Constitutions. *Martin,* 138 N.H. at 512.

Subsequently, the defendant filed a motion to vacate his sentence, arguing that the United States Supreme Court's recent decision in *Stogner*

"casts significant doubt on the constitutionality of applying the extended statute of limitations to [him]." The Superior Court (*McHugh,* J.) denied the motion because "the holding in *Stogner* does not mandate a reversal of our Supreme Court's consideration of this issue." This appeal followed.

Both Article I, Section 10 of the Federal Constitution and Part I, Article 23 of the New Hampshire Constitution forbid *ex post facto* penal laws. *Petition of Hamel,* 137 N.H. 488, 494 (1993). We first address the defendant's arguments under our State Constitution, using federal law only as an aid in our analysis. *Id.*

The defendant argues, based upon the holding in *Stogner,* that applying the amended statute of limitations in his case violates the *Ex Post Facto* Clause because it made the original offense greater than it was when it was committed and altered the quantum of evidence required to convict. We disagree.

As we have previously held, "until a criminal statute of limitations has run, it is a mere regulation of the remedy." *Martin,* 138 N.H. at 512 (quotation omitted). Because the statute of limitations is essentially a surrendering by the sovereign of its right to prosecute, the statute of limitations may be changed at the pleasure of the legislature, subject to constitutional qualifications. *State v. Hamel,* 138 N.H. 392, 395 (1994). Where, however, the limitations period has run, "it is a vested defense of right that cannot be taken away by legislative enactment." *Id.*

In *Stogner,* the amended statute of limitations revived the defendant's previously time-barred prosecution. *Stogner,* 123 S. Ct. at 2449. The court held that, by reviving the time-barred prosecution, the amended statute "inflict[ed] punishment[] where the [defendant] was not, by law, liable to any punishment" and, thus, violated the prohibition on *ex post facto* laws. *Id.* at 2450-51, 2455 (quotation and emphasis omitted). In reaching this holding, the court distinguished the revival of time-barred prosecutions from the extension of an unexpired statute of limitations and stated that "our holding today does not affect" extensions of unexpired statutes of limitations. *Id.* at 2453.

The holding in *Stogner,* by its own language, does not affect our prior determinations that the extension of an unexpired statute of limitations does not violate the *Ex Post Facto* Clause. *See Martin,* 138 N.H. at 512; *Hamel,* 138 N.H. at 396. Unlike reviving a time-barred prosecution, the extension of an unexpired statute of limitations does not inflict punishment where the defendant was not, by law, liable to any punishment. As we stated before, the extension of the unexpired statute of limitations did not alter an element of the crime, "did not change the ultimate facts needed to prove guilt, nor did it punish a previously innocent act." *Hamel,* 138 N.H. at 395-96. Moreover, our holding today is consistent with the decisions of

other courts that have considered the effect of *Stogner* on an unexpired statute of limitations. *See, e.g.*, *People v. Superior Court*, 10 Cal. Rptr. 3d 893, 894-95 (Ct. App. 2004); *Minton v. State*, 802 N.E.2d 929, 934-35 (Ind. Ct. App. 2004); *State v. Steele*, 802 N.E.2d 1127, 1130 (Ohio Ct. App. 2003); *State v. Lyles*, 858 So. 2d 35, 56 (La. Ct. App. 2003).

Here, because the statute of limitations had not run when it was extended by the legislature, application of the extended statute of limitations to the defendant did not violate the *Ex Post Facto* Clause of the State Constitution.

The defendant also argues that retrospective application of the extended statute of limitations denies his right to due process under both the State and Federal Constitutions. Because this issue was raised and addressed in the defendant's previous appeal, *see Martin*, 138 N.H. at 512-13, we will not revisit it now.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *See Stogner*, 123 S. Ct. at 2453; *Martin*, 138 N.H. at 512. Therefore, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and GALWAY, JJ., concurred.