**FILED**

January 30 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 07-0679

2008 MT 24

_____

KEITH MORDJA,

     Petitioner,

     v.

MONTANA ELEVENTH JUDICIAL
DISTRICT COURT, FLATHEAD
COUNTY, and The HONORABLE
TED O. LYMPUS, District Judge,

     Respondents.

O P I N I O N

and

O R D E R

¶1    Keith Mordja petitions for a writ of supervisory control to direct Judge Lympus and the Eleventh Judicial District Court to grant his motion to dismiss on the grounds that the statute of limitations has expired. The petition is denied.

¶2    We restate the issue as follows:

¶3    Where a statute is amended to extend the limitations period for a criminal offense, does the extended limitations period apply to offenses not barred at the time of amendment?

**BACKGROUND**

¶4    On January 29, 2007, Mordja was charged with one count of sexual intercourse without consent in violation of § 45-5-503(3), MCA (2005). Mordja allegedly raped

1

J.B., a minor, repeatedly during the years 1994 – 2000. J.B. turned eighteen on March 25, 2001.

¶5     Section 45-1-205, MCA (1989), provides that if a victim was a minor at the time of the offense, the offender may be prosecuted under § 45-5-503, MCA, up to five years after the victim turns eighteen. In 2001, the Legislature amended § 45-1-205, MCA, to extend the statute of limitations to expire ten years after the victim turns eighteen.

¶6     The crucial question is whether the statute of limitations has expired in Mordja's case. The Flathead County Attorney's office charged Mordja five years and ten months after J.B.'s eighteenth birthday. Mordja moved to dismiss the charges against him, on the grounds that the statute of limitations had expired. The District Court denied his motion, holding that the amended ten-year statute of limitations applied to Mordja. The District Court held that since § 45-1-205, MCA, was amended before the original statute of limitations expired in Mordja's case, i.e., before his prosecution was barred, the new limitations period applied to him.

**DISCUSSION**

¶7     **Where a statute is amended to extend the limitations period for a criminal offense, does the extended limitations period apply to offenses not barred at the time of amendment?**

¶8     In denying Mordja's motion to dismiss, the District Court relied on our holding in *State v. Duffy*, a factually similar case which concerns the 1989 amendment to § 45-1-205, MCA. *State v. Duffy*, 2000 MT 186, 300 Mont. 381, 6 P.3d 453. Prior to 1989, § 45-1-205, MCA, allowed a five-year statute of limitations on § 45-5-503, MCA,

2

offenses. The 1989 amendment changed this statute of limitations to extend five years after the victim reached the age of eighteen, if the victim was a minor at the time of the offense. Section 45-1-205, MCA (1989). The *Duffy* Court upheld the retroactive application of the expanded statute of limitations, and concluded that it did not violate *ex post facto* principles because the extension of the statute of limitations was merely a procedural change. *Duffy*, ¶ 32.

¶9 However, as Mordja argues, there is a crucial difference which distinguishes *Duffy* from the instant case: the 1989 amendment to § 45-1-205, MCA, contained an express provision making it retroactively applicable, while the 2001 amendment at issue here did not.

¶10 Section 1-2-109, MCA, creates a strong presumption that statutes do not have retroactive effect unless the Legislature specifically states otherwise: "No law contained in any of the statutes of Montana is retroactive unless expressly so declared." Section 1-2-109, MCA. Since the Legislature failed to include a clause expressly providing for the retroactive application of § 45-1-205, MCA (2001), Mordja argues that § 1-2-109, MCA, prohibits the amended statute of limitations from being applied to him. In response, the State argues that § 1-2-109, MCA, does not apply to procedural matters such as changes in statutes of limitations.

¶11 ***Does the application of an extended statute of limitations to prosecutions not barred at the time of the amendment violate the prohibition against retroactive laws found in § 1-2-109, MCA?***

¶12 *1. Does § 1-2-109, MCA, apply to procedural statutes?*

¶13    The question of whether § 1-2-109, MCA, applies to so-called "procedural" statutes, such as changes in statutes of limitations, is not one of first impression before this Court. Unfortunately, our case law provides conflicting answers.

¶14    In *Penrod v. Hoskin, M.D.*, this Court refused to retroactively apply a newly adopted statute of limitations absent an express retroactivity clause. *Penrod v. Hoskin, M.D.*, 170 Mont. 277, 281, 552 P.2d 325, 327 (1976). The *Penrod* Court cited § 12-201, R.C.M. 1947, the predecessor to § 1-2-109, MCA, and held:

> [Section 12-201] creates a presumption against construing a statute retroactively . . . . While our Constitution does not forbid the enactment of retrospective laws generally, i t is a rule recognized by authorities everywhere that retrospective laws are looked upon with disfavor. It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation. The maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation. The intent of the legislature to give a statute retroactive effect as required by section 12-201, must be determined by the statute itself and from no other source. We find nothing in [the new statute of limitations] exhibiting a legislative intent that it be applied retroactively. Absent such intent, it is applicable only prospectively.

*Penrod*, 170 Mont. at 281, 552 P.2d at 327 (citations and internal quotation marks omitted). *Accord State v. Wright*, 2001 MT 247, ¶ 11, 307 Mont. 100, ¶ 11, 38 P.3d 772, ¶ 11 (applying § 1-2-109, MCA, to analyze an amended statute of limitations); *Odenbach v. Buffalo Rapids Project*, 225 Mont. 96, 99, 731 P.2d 1297, 1299 (1987); *City of Harlem v. State Highway Commission*, 149 Mont. 281, 284-85, 425 P.2d 718, 720 (1967).

¶15    However, there is also substantial precedent on point which holds that § 1-2-109, MCA, does not apply to procedural statutes. For example, in *Haugen v. Blaine Bank of Montana*, we held that "where a statute is procedural, rather than substantive, § 1-2-109,

4

MCA, has no application, and the statute in question will be applied to a cause of action arising before its enactment." *Haugen v. Blaine Bank of Montana*, 279 Mont. 1, 8-9, 926 P.2d 1364, 1368 (1996). More recently, in *Keeney v. Dept. of Justice*, we held that "new legislation that affects only procedural matters and does not relate to a parties' [sic] substantive rights falls outside the ambit of § 1-2-109, MCA." *Keeney v. Dept. of Justice*, 2006 MT 152, ¶ 12, 332 Mont. 446, ¶ 12, 139 P.3d 814, ¶ 12. *Accord Saint Vincent Hosp. v. Blue Cross*, 261 Mont. 56, 61, 862 P.2d 6, 9 (1993); *State Compensation Ins. v. Sky Country*, 239 Mont. 376, 379, 780 P.2d 1135, 1137 (1989); *Matter of R.A.D.*, 231 Mont. 143, 150, 753 P.2d 862, 866 (1988); *Boehm v. Alanon Club*, 222 Mont. 373, 377, 722 P.2d 1160, 1162 (1986), *overruled on other grounds, Richardson v. Corvallis Pub. Sch. Dist. No. 1*, 286 Mont. 309, 950 P.2d 748 (1997); *Weiss By and Through Weiss v. State*, 219 Mont. 447, 449, 712 P.2d 1315, 1316 (1986).

¶16    2.   *Is the extension of a statute of limitations to prosecutions not yet barred "retroactive" within the meaning of § 1-2-109, MCA?*

¶17    In their preoccupation with distinguishing substance from procedure, these conflicting precedents have skipped an elementary step in interpreting § 1-2-109, MCA. First, we must ask whether the extension of a statute of limitations to prosecutions not yet barred actually constitutes a "retroactive" application of the law within § 1-2-109, MCA.

¶18    Section 1-2-109, MCA, provides that "[n]o law contained in any of the statutes of Montana is retroactive unless expressly so declared." Section 1-2-109, MCA. In *State v. Coleman*, we discussed the meaning of "retroactive," as used in § 1-2-109, MCA:

5

[Section 1-2-109] is but a rule of construction and what is "retroactive" so as to warrant application of the rule has been defined judicially by this and other courts. A statute is *not* "retroactive" merely because it draws upon antecedent facts for its operation. *Cox v. Hart*, 260 U.S. at 157, 43 S.Ct. 154. A statute is "retroactive" in a legal sense "which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions already past." *City of Harlem v. State Highway Commission* (1967), 149 Mont. 281, 425 P.2d 718, 720; *Dunham v. Southside National Bank* (1976), 169 Mont. 466, 548 P.2d 1383, 1386; *Butte & Superior Mining Co. v. McIntyre* (1924), 71 Mont. 254, 229 P. 730; *Sturges v. Carter* (1885), 114 U.S. 511, 5 S.Ct. 1014, 29 L.Ed. 240.

*State v. Coleman*, 185 Mont. 299, 317, 605 P.2d 1000, 1012 (1979), *rev'd in part on other grounds, Coleman v. McCormick*, 874 F.2d 1280 (9th Cir. 1989) (en banc). *See also Haugen*, 279 Mont. at 8, 926 P.2d at 1368; *Williams v. Wellman-Power Gas, Inc.*, 174 Mont. 387, 390-92, 571 P.2d 90, 92-93 (1977). Thus, in the instant case, we must determine whether Mordja has any vested right in the statute of limitations, and whether the 2001 amendment impairs or strips his vested rights, or imposes a new duty, obligation or disadvantage upon him with respect to his past conduct.

¶19 In *Cosgriffe v. Cosgriffe*, we held that a defendant does not have any vested right or interest in a statute of limitations in the civil context, even after it expires. *Cosgriffe v. Cosgriffe*, 262 Mont. 175, 864 P.2d 776 (1993). In *Cosgriffe*, an adult woman allegedly discovered through therapy that she was abused by her father when she was a teenager. She brought suit against her father under § 27-2-216, MCA, which allows victims to sue within three years of discovering the abuse. Section 27-2-216, MCA, was enacted in 1989, years after the alleged abuse occurred. The father argued that the section violated his due process rights by retroactively extending the statute of limitations, and improperly

reviving a claim which was barred under the conventional statute of limitations for tort actions. *Cosgriffe*, 262 Mont. at 179-80, 864 P.2d at 778-79.

¶20 The *Cosgriffe* Court rejected the father's claim that "the running of the previously-applicable statute of limitations vests him with a right to be free from the appellant's claim after the expiration of the conventional statute of limitations," and held he had no "vested interest" in being free of his daughter's claim. *Cosgriffe*, 262 Mont. at 179-80, 864 P.2d at 779. The Court held that the retroactive application of a new or amended statute of limitations did not violate due process rights, explaining that "[s]tatutes of limitation, being somewhat arbitrary in their nature, and founded in public needs and public policy, may shorten the periods in which actions shall be commenced, or may extend them, and yet not disturb vested rights, or rights of property." *Cosgriffe*, 262 Mont. at 180, 864 P.2d at 779 (citation omitted).

¶21 Of course, the holding of *Cosgriffe* cannot be adopted wholesale in a criminal context. The prohibition against *ex post facto* laws found in both the United States and the Montana Constitutions would prevent an amended statute of limitations from reviving a previously time-barred prosecution. U.S. Const. art. I, § 9; Mont. Const. art. II, § 31; *Stogner v. California*, 539 U.S. 607, 123 S. Ct. 2446 (2003). In *Stogner*, the United States Supreme Court struck down a California law which amended the statute of limitations governing sex-related child abuse crimes, and specifically revived any causes of action barred by previous statutes of limitations. *Stogner*, 539 U.S. at 632-33, 123 S. Ct. at 2461. The Court held that the California statute violated the *ex post facto* clause because it inflicted punishment upon Stogner where, by law, he was not liable to any

7

punishment. 539 U.S. at 613, 123 S. Ct. at 2450 (citations omitted). However, the *Stogner* Court specifically distinguished cases concerning extensions of unexpired statutes of limitations, holding that such cases did not violate the *ex post facto* clause. 539 U.S. at 618, 123 S. Ct. at 2453.

¶22 In interpreting *Stogner*, several courts have noted that a defendant has no vested right in a statute of limitations until it expires, and the prosecution is banned. *See e.g. State v. Skakel*, 888 A.2d 985, 1014-28 (Conn. 2006); *State v. Martin*, 849 A.2d 138, 140 (N.H. 2004). Thus, the amendment of an unexpired statute of limitations does not affect a vested right, and therefore does not violate due process or the prohibition against *ex post facto* laws. *Skakel*, 888 A.2d at 1021-22; *Martin*, 849 A.2d at 140. Judge Learned Hand aptly summarizes the differences at stake in the two scenarios:

> Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.

*Falter v. United States*, 23 F.2d 420, 425-26 (2d Cir. 1928), *superseded by statute as stated in United States v. Roselli*, 1993 U.S. Dist. LEXIS 18749 (N.D.N.Y. 1993).

¶23 In *State v. Wright*, this Court upheld the retroactive application of an amended statute of limitations with an express retroactivity provision to a prosecution not already barred. *Wright*, ¶ 11. The *Wright* Court concluded that because the "procedural change neither alters the definition of the crime nor increases the petitioner's punishment, the

amended statute of limitations is not subject to prohibition against ex post facto laws." *Wright*, ¶ 11.

¶24 Though *Stogner* and its progeny employ an *ex post facto* analysis, the resulting conclusions are still relevant to the instant inquiry: a defendant cannot have a vested right in a statute of limitations that has not yet expired. As in *Stogner* and *Wright*, the extended statute of limitations in the case at bar does not increase Mordja's punishment or subject him to new obligations. Mordja's alleged sexual abuse of the minor was illegal both before and after § 45-1-205, MCA, was amended in 2001. The statute of limitations did not expire in Mordja's case before § 45-1-205, MCA, was amended, thus Mordja did not have any vested right in an affirmative defense. Thus, the application of the extended statute of limitations to Mordja's prosecution is not retroactive within the meaning of § 1-2-109, MCA.

¶25 We conclude that where a statute is amended to extend the limitations period for a criminal offense, the extended limitations period applies to all offenses not barred at the time the amendment was enacted. *Penrod* and any other cases reaching conclusions to the contrary are hereby overruled. The application of § 45-1-205, MCA (2001), to Mordja's case is not "retroactive" within the meaning of § 1-2-109, MCA, because it does not affect any of his vested rights, nor does it impose any additional obligations or detriments upon him. The State had the right to prosecute Mordja at any time within the newly extended limitations period; thus the District Court did not err when it refused to grant Mordja's motion to dismiss.

**CONCLUSION**

¶26 The Court having considered the petition for a writ of supervisory control filed herein by Petitioner,

¶27 IT IS ORDERED that the petition for a writ of supervisory control is denied.

¶28 The Clerk is directed to mail copies hereof to all counsel of record.

DATED this _____ day of January, 2008.

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE