No. 81-528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION, A Federally Chartered
Association et al.,

Plaintiffs and Appellants,

vs.

DEPARTMENT OF REVENUE et al.,

Defendants and Respondents.

---

Appeal from:   District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Gordon Bennett, Judge presiding

Counsel of Record:

For Appellants:

Cannon and Sheehy, Helena, Montana
Edmund F. Sheehy Jr. argued, Helena, Montana

For Respondents:

Michael J. Rieley argued, Helena, Montana

---

Submitted: June 28, 1982

Decided: September 23, 1982

Filed:   SEP 23 1982

Thomas J. Kearney
Clerk

Honorable Joel G. Roth, District Judge, delivered the Opinion of the Court.

First Federal Savings and Loan Association of Missoula (Missoula First Federal) and Havre Federal Savings and Loan Association (Havre Federal) (hereinafter also referred to as the "taxpayers") appeal from a summary judgment granted to the Department of Revenue (Department) by the District Court of Lewis and Clark County. We reverse.

Missoula First Federal and Havre Federal are federally chartered savings and loan associations doing business in the State of Montana. As such, they are subject to the Montana Corporation License Tax pursuant to the provisions of section 15-31-101(4), MCA. The Department of Revenue is the state agency responsible for the administration and collection of the Montana Corporation License Tax pursuant to section 15-31-111, MCA.

These two taxpayers are required annually to pay to the state treasurer 6-3/4 percent of their respective net incomes as a license fee for the privilege of carrying on business in Montana. See sections 15-31-121 and 15-31-101(3), MCA. Each of these taxpayers filed its Montana Corporation License Tax return for the calendar tax year of 1979.

In order to arrive at the net income upon which the tax is based, each taxpayer had deducted from its gross income the interest income it had received from its investments in several federal obligations. Additionally, Havre Federal deducted a net operating loss from prior years which was carried over to 1979.

After the Department of Revenue received the tax returns for 1979 and examined same, the Department disallowed

the deduction for interest income on federal obligations on each tax return and also disallowed the deduction of the net operating loss carryover on Havre Federal's return. The Department computed that Missoula First Federal owed an additional license tax of $12,271.00 plus interest and Havre Federal owed an additional license tax of $47,010.78 plus interest. A notice of the disallowances and resulting tax deficiencies was sent to each taxpayer.

Each taxpayer filed a written protest pursuant to section 15-31-503, MCA, with the Department and when the Department refused to reconsider its position, the two taxpayers joined together and filed a declaratory judgment action against the Department on November 12, 1980, in the District Court of Lewis and Clark County, seeking a judicial interpretation of the several state and federal statutes involved plus a judgment declaring part of one state statute relating to the calculation of net operating loss carryovers to be unconstitutional because of its retroactive application.

Because only questions of law were raised by the allegations in the complaint and answer, the taxpayers filed their motion for summary judgment on April 3, 1981. Subsequently, the Department filed its motion for summary judgment. Written memoranda were filed by both sides and oral argument was presented on May 28, 1981. The District Court granted the Department's motion, denied the taxpayers' motion and issued a summary judgment with a memorandum decision on August 19, 1981.

The effect of the District Court's summary judgment was that the interest income from the federal obligations

was not deductible from gross income in arriving at taxable net income, that the net operating loss incurred in prior years could not be carried over and deducted in 1979 by Havre Federal and that the state statutory provision relating to net operating loss carryovers did not violate the constitutional prohibition against retroactive application of a state statute. It is from that summary judgment and the order denying the taxpayers' motion for summary judgment that the taxpayers appeal, raising the following three issues for appellate review:

First Issue: Did the District Court err by deciding that interest income from certain federal obligations is includable in net income and hence subject to the Montana Corporation License Tax? We hold there was error on this issue.

Second Issue: Did the District Court err in deciding that the Montana Corporation License Tax is not discriminatory? We hold that this issue is moot in view of our decision on the first issue.

Third Issue: Did the District Court err in deciding that section 15-31-114(2)(b)(ii)(C), MCA, is not constitutionally retroactive? We hold there was error on this issue.

## FIRST ISSUE

The taxpayers contend the following interest income from the federal obligations indicated is exempt from the Montana Corporation License Tax:

| FEDERAL OBLIGATION | INTEREST INCOME |
|---|---|
| U.S. Treasury Bills | $ 3,843.65 |
| Federal Home Loan Bank Notes | 38,120.61 |
| Federal Land Bank Obligations | 118,325.70 |
| Federal Farm Credit Bank Securities | 4,695.82 |
| Federal Home Loan Bank Dividends on Stocks | 48,013.00 |
| Federal Savings and Loan Insurance Corporation-30% of Insurance Premium and Partial Payback | 8,475.00 |

The District Court, in holding that the interest income from the federal obligations was includable in net income for purposes of calculating the Montana Corporation License Tax, cited and relied on a federal statute, 31 U.S.C. § 742 (1976), which provides as follows:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes."

The District Court reasoned that the exception stated in the above federal statute applied to the Montana Corporation License Tax, which is admitted by the parties herein to be a franchise tax, and hence the interest income from the federal obligations is includable in the net income which is the basis upon which the license tax is computed.

The taxpayers had unsuccessfully contended in the District Court that the specific federal statutes which created the federal obligations and authorized their issuance

expressly exempted both the principal and the interest paid thereon from all state taxation except estate and gift taxes. The federal statutes which created the federal obligations involved herein, authorized their issuance and contain the exemption are 12 U.S.C. § 1433 (1976), 12 U.S.C. § 1725(e) (1976), 12 U.S.C. § 2055 (1976), 12 U.S.C. § 2079 (1976), 12 U.S.C. § 2134 (1976) and 31 U.S.C. § 769 (1976). Those federal statutes expressly provide that the principal and interest of the various federal obligations are exempt from all state taxation except certain taxes not relevant herein.

The Department argued that the Montana Corporation License Tax is a franchise tax on the privilege of doing business in Montana with the tax based upon or measured by the net income of the taxpayer. Hence, it was argued, that the tax is not on the property (interest income) but is on the privilege. This Court finds the argument to be unpersuasive. It is a distinction without a difference in our opinion. If the franchise tax is on the privilege and the tax is based on the net income, this Court concludes that the tax is on the privilege and the net income. If the net income includes tax-exempt interest, the tax is on exempt income which is prohibited by the specific federal statutes creating the federal obligations and granting the tax exemption. The Montana Supreme Court held in 1976 in the case of Security Bank v. Connors and Colbo (1976), 170 Mont. 59, 550 P.2d 1313, that the Montana Corporation License Tax is a tax on net income. It also appears to this Court that by the Department's including the tax-exempt interest in net income, the Department is seeking to tax indirectly what it

cannot tax directly, in violation of the general rule set forth in 31 U.S.C. § 742 (1976). See, Federal Products Corp. v. Norberg (R.I. 1981), 429 A.2d 447.

In the Federal Products Corp. case, a Rhode Island industrial corporation had invested cash in federal obligations which were exempt from state taxes. The corporation was subject to the Rhode Island Business Corporation Tax, which was not a franchise tax but rather was a tax on the net income of the corporation. The corporation had deducted the interest income from its gross receipts in arriving at the net income subject to the state tax. The tax administrator refused to allow the deduction and included the interest income in the corporation's taxable net income. The lower court affirmed the tax administrator but, on appeal to the Rhode Island Supreme Court, the interest income from the federal obligations was held to be exempt from the state tax. The decision emphasizes that the tax administrator was attempting to do indirectly what he could not do directly, i.e., levy a state tax on interest income from federal obligations when the federal obligations and the interest therefrom were expressly declared to be exempt from state taxation pursuant to 31 U.S.C. § 742 (1976). The Rhode Island Supreme Court said that although the tax administrator contended that he included the interest income merely as a measure to determine the corporate income tax due to the state, he overlooked the fact that the amount of the tax assessed was increased by more than $11,000.00 by the inclusion of the tax-exempt interest from the tax-exempt federal obligations in the measure of the tax. That court concluded by saying that the only conclusion to draw is that

the state tax was an indirect tax on exempt federal obligations and their interest and hence invalid.

During oral argument on this appeal, the taxpayers' counsel orally cited the recent Tennessee case of Memphis Bank and Trust Co. v. Garner (Tenn. 1981), 624 S.W.2d 551, as a case found after the briefs on appeal were filed. That case is contrary to the taxpayers' position herein. That case involved a local bank excise tax which was computed on the bank's net earnings which included interest from tax-exempt federal obligations. The Tennessee Supreme Court said there was nothing in the general federal exemption statute (31 U.S.C. § 742 (1976)) or in the particular federal exemption statutes pertaining to the federal obligations involved that prohibited the state from measuring the bank excise tax on net earnings which included interest on federal obligations. Counsel stated that the case has been appealed to the United States Supreme Court and certiorari has been granted. We disagree with the Tennessee court. It is our opinion that both the general federal exemption statute and the individual particular federal exemption statutes clearly exempt the interest income of the federal obligations involved in the instant case from the Montana Corporation License Tax.

In summary on the first issue, we hold that the District Court erred and that the interest income received by the taxpayers on the exempt federal obligations is not includable in net income for the purpose of calculating the Montana Corporation License Tax.

-8-

SECOND ISSUE

Since we decided that the interest income from the tax-exempt federal obligations involved herein is not includable in net income for the purpose of computing the Montana Corporation License Tax, the second issue becomes moot.

THIRD ISSUE

The District Court held there was no unconstitutional retroactive application of section 15-31-114(2)(b)(ii)(C), MCA, to Havre Federal's 1979 tax return. Havre Federal had incurred a net operating loss in each of the five years from 1974 through 1978. Those losses occurred because, prior to 1979, interest income from federal obligations was not subject to the Montana Corporation License Tax because interest income from state obligations was specifically exempt from said tax. Hence, when Havre Federal deducted the federal interest income from gross income in arriving at net income on its tax returns for those earlier years, a net operating loss resulted.

Section 15-31-114(2)(b)(i), MCA, provides for the carrying forward of net operating losses. Under that statute Havre Federal carried forward its net operating losses from 1974 through 1978 and applied same to its 1979 return which resulted in no net income for 1979. It is to be noted that Havre Federal computed its net operating losses in 1974 through 1978 pursuant to the Montana Corporation License Tax statutes then in effect.

Section 15-31-114(2)(b)(ii)(C), MCA, provides:

"Any net operating loss carried over to any taxable years beginning after Decem-

-9-

ber 31, 1978, must be calculated under the provisions of this section effective for the taxable year for which the return claiming the net operating loss carryover is filed."

The Department, acting under the authority of the above-quoted statute, recalculated the net income of Havre Federal for the years 1974 through 1978 based upon the 1979 law, which resulted in the adding back of the deducted federal interest income in each of the earlier years which further resulted in the elimination of the net operating losses for each of the earlier years. Hence, there were no operating losses to carry forward to 1979.

It seems clear to this Court that the retroactive application of a 1979 law to the years 1974 through 1978 is unconstitutional. Havre Federal made investment decisions and financial plans based on the tax laws in effect in the years involved. The state cannot change a law in 1979 and compel a recalculation of tax returns filed for 1974 through 1978 based upon the new law effective for the first time in 1979.

This Court stated in the case of Castles v. State ex rel. Department of Highways (1980), ___ Mont. ___, 609 P.2d 1223, 1225, 37 St.Rep. 734, 736:

"A retroactive law is one that takes away or impairs vested rights acquired under existing laws or creates new obligations or imposes new duties in respect to transactions already past."

We conclude that section 15-31-114(2)(b)(ii)(C), MCA, is unconstitutional because it requires retroactive application, it is in violation of the due process clause of the federal and state constitutions, and it imposes a new duty on Havre Federal.

CONCLUSION

We reverse the District Court's order denying the tax-
payers' motion for summary judgment and reverse the District
Court's order granting the Department's motion for summary
judgment and remand this case to the District Court for the
purpose of entering new orders and summary judgment in con-
formance with this decision.

_____
Honorable Joel G. Roth, Dis-
trict Judge, sitting in place
of Mr. Justice Fred J. Weber

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Honorable W. W. Lessley, Dis-
trict Judge, sitting in place
of Mr. Justice John C. Sheehy

-11-