MR. CHIEF JUSTICE HASWELL,
dissenting:
I respectfully dissent.
In my view, section 15-31-116, MCA, is unconstitutional on its face as it discriminates against obligations of the United States Government and therefore violates the Supremacy Clause of the United States Constitution. This Court has previously held that Montana’s corporation license tax is an income tax (Security Bank & Trust Co. v. Connors, et al. (1976), 170 Mont. 59, 550 P.2d 1313) and not a franchise tax (First Federal Savings and Loan Association v. Department of Revenue (Mont. 1982), [200 Mont. 358, ] 654 P.2d 496, 39 St.Rep. 1802, cert. denied, _U.S_, 103 S.Ct. 3128, 77 L.Ed.2d 1378 (1983). Accordingly, stocks and obligations of the United States Government are exempt from taxation under 31 U.S.C. section 3124. Under section 15-31-116, MCA, the entire federal *400 interest exemption is added back into the tax base.
Furthermore, section 15-31-116, MCA, as applied to Burlington Northern, Inc., violates the due process clause of both the United States and Montana Constitutions because the formula used thereunder in disallowing deductions is not rationally related to its 2 percent interest income from United States Government obligations.
Finally, I would not reexamine, much less overrule, our prior decision in First Federal, supra. This issue was not raised by any party to this action. It was raised by amicus curiae Montana Bankers Association and under well settled rules of law, amici are not permitted to raise additional issues not raised by the parties to the lawsuit.