■ In the Matter of ANCHOR SAVINGS BANK, F.S.B., Appellant, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 15, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Tax Commission denying petitioner's request for a refund of corporate franchise tax under Tax Law article 32.

Petitioner is a bank corporation subject to a corporate franchise tax (Tax Law art 32). In 1979, petitioner earned $2,146,649.73 in interest from various tax-exempt bonds issued by the State Housing Finance Agency (HFA bonds) and other tax-exempt municipal housing authority bonds (MHA bonds). Petitioner did not include this amount in its net income for purposes of calculating its corporate franchise tax. After an audit, the Department of Taxation and Finance issued a notice of deficiency alleging that petitioner had erroneously excluded interest income from HFA and MHA bonds in its calculation of its corporate franchise tax and demanded payment of franchise tax due of $311,010.41. Petitioner paid under protest and filed a claim for a refund, which was denied by the Department's Audit Division. An appeal to the Tax Appeals Bureau was unavailing and respondent State Tax Commission sustained the denial of petitioner's refund. Petitioner's CPLR article 78 proceeding challenging the determination was dismissed, giving rise to this appeal.

Petitioner contends that interest income from HFA and MHA bonds is exempt from taxation, including the corporation franchise tax, pursuant to Private Housing Finance Law § 54 and Public Housing Law § 52. Private Housing Finance Law § 54 provides that income from HFA bonds "shall at all times be free from taxation, except for estate and gift taxes and taxes on transfers". Public Housing Law § 52 (2) provides that MHA bonds "shall be exempt from tax".

A franchise tax is imposed on all corporations such as petitioner "[f]or the privilege of exercising its franchise or doing business in this state in a corporate or organized capacity" (Tax Law § 1451 [a]). The calculation of the corporate franchise tax is based upon a corporation's entire net income, which is defined as the "total net income from all sources which shall be the same as the entire taxable income which the taxpayer is required to report to the United States treasury department, except as hereinafter provided" (Tax Law § 1453 [a]). Tax Law former § 1453 (b) (1) (eff Apr. 25, 1972) provides that entire net income is to be computed without the exclusion of any income or interest on any kind of stock, securities or indebtedness.

Petitioner has the burden of proving that it comes within a tax exemption (see, Matter of Grace v New York State Tax Commn., 37 NY2d 193). It is clear that the HFA and MHA bonds and income derived therefrom are free from taxation by the State. At issue on this appeal is whether a franchise tax imposed on the privilege of doing business in a corporate capacity which is measured by the corporation's entire net income, including income from the kinds of bonds involved here, constitutes an illegal indirect tax in violation of Private Housing Finance Law § 54 and Public Housing Law § 52. We think not.

A similar franchise tax assessment was upheld by the Court of Appeals in Monroe County Sav. Bank v City of Rochester (37 NY 365). The United States Supreme Court has consistently upheld franchise taxes which included tax-exempt income or property in assessing a franchise tax (Werner Co. v Director of Taxation, 350 US 492; see also, Matter of Forbes, Inc. v Department of Fin., 66 NY2d 243).

We find petitioner's reliance on American Bank & Trust Co. v Dallas County (463 US 855) and First Fed. Sav. & Loan Assoc. v Department of Revenue (654 P2d 496 [Mont], cert denied 462 US 1144) to be misplaced. Both cases dealt with 31 USC § 742 in a revised form which clearly provided that the exemption extended to any form of taxation that would require that either the obligations or the interest therefrom, or both, be considered directly or indirectly in the computation of the tax. The instant statutes do not contain so broad an exemption and are more in keeping with 31 USC former § 742 before its 1959 amendment.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.