IN THE SUPREME COURT OF THE STATE OF MONTANA

---

No. 86-490

---

TED SCHWINDEN, In his Official
Capacity as Governor of the State
of Montana; ELLEN FEAVER, In her
Official Capacity as Director of
Revenue of the State of Montana;
MONTANA ASSOCIATION OF COUNTIES;
MONTANA LEAGUE OF CITIES AND TOWNS;
URBAN COALITION; and MONTANA SCHOOL
BOARDS ASSOCIATION,

        Plaintiffs,

        vs.

BURLINGTON NORTHERN, INC.,

        Defendant.

FILED

DEC 30 1986

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

---

OPINION AND ORDER

---

Daniels County, Montana, through its county attorney, has filed an original petition in this Court for clarification and interpretation of our opinion in Cause No. 83-551, entitled Schwinden v. Burlington Northern, Inc., et al. (the same caption as this case) (1984), 691 P.2d 1351, 41 St.Rep. 2184.

In our original opinion in 1984, we held that a nondiscriminatory franchise tax levied on a state by a corporation for the privilege of doing business in the state is valid even though, in computing the tax, interest income from federal obligations is included.

In so holding, we reversed a contra determination which disallowed state tax on interest income from federal obligations in First Federal Savings and Loan Association v. Department of Revenue (Mont. 1982), 654 P.2d 496, 39 St.Rep.

- 1 -

1802, cert. den. 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1378 (1983).

This Court in Schwinden recognized the problem created by our reversal of First Federal. We knew that a great number of taxpayers, relying on our decision in First Federal, had computed their Montana corporate license tax returns and filed the same without including interest on federal obligations otherwise taxable under § 15-31-116, MCA. To avoid any unfair effect of retroactive application of our decision in Schwinden, we provided as follows:

> . . . We order that the tax obligations of Burlington Northern, Inc. for the taxable year 1982 shall be determined under the Montana corporation license tax as interpreted by this Court in this opinion, as well as the corporations future Montana corporation license tax returns while said tax remains in effect. As to all other corporate taxpayers, filing under the Montana corporation license tax provisions, their returns shall be filed with taxes computed according to this opinion for taxable years ending after the date of this opinion and for any amendment of tax returns for earlier years. With respect to whether the Montana corporation license tax should be otherwise retroactively or prospectively applied under this opinion, we retain jurisdiction for application to us by the Department of Revenue, or by any corporate taxpayer after proceeding before the Tax Appeal Board, for the purpose of obtaining such further relief as may be required.

Daniels County is not a taxpayer, nor has it proceeded first before the State Tax Appeal Board. Yet we deem it expedient to entertain the application made by Daniels County in this case as a part of our reserved jurisdiction.

The facts giving rise to the petition from Daniels County are these: Citizens State Bank of Scobey is a corporate license taxpayer that before November 23, 1984, filed amended returns seeking refunds for corporate license taxes paid by it for the years 1979 through 1982. The total amount of Daniels County's portion of the refund was

$49,329.00. While First Federal was in effect, correspondence was had between the county officials of Daniels County and the State Department of Revenue as to how best to handle the refund. On June 26, 1984, the State Department of Revenue suggested three options, (1) to net the 1983 tax liability against the refunds for the earlier years and issue the balance of the refund in the amount of $39,870.60; (2) to net the 1983 tax liability against the refunds due and hold the balance of refund until such time as future tax liabilities offset the refund. (The balances would carry interest at the rate of 12% per year); (3) an option not important here relating to the State's portion of the corporate license tax. Daniels County opted to refund the full amount to Citizens State Bank.

Then our on November 23, 1984, our decision in Schwinden came down. Somehow Daniels County is under the impression that under Schwinden it is entitled to recover back from Citizens State Bank the full amount of the refund. On February 19, 1985, the Department proposed amendment of Rules 42.23.416 and 42.23.417, A.R.M., and adoption of new Rule I, relating to the tax treatment of interest earned on federal obligations. Under the Department rules, which were subsequently adopted, returns or amended returns filed before November 23, 1984, based on First Federal were correctly computed. Returns or amended returns filed after November 23, 1984 would require inclusion of interest on federal obligations based on our interpretation in Schwinden.

Daniels County objected to the proposed rules claiming that the county was discriminated against because in the interests of its taxpayers, to avoid interest and for other reasons, it had made a quick refund to Citizen's State Bank.

- 3 -

Other counties had apparently treated other corporate license taxpayers similarly. Daniels County contends that it acted on the advice of the Department of Revenue in making the refund, that it is now being discriminated against under the interpretation of the Department of Revenue through its adoption of new and amended rules, and it has made demands upon the Department of Revenue for the payment to it in full of the refund previously given to Citizens State Bank. The Department of Revenue has refused to make up the refund.

On the basis of the dispute between Daniels County and the Department of Revenue, Daniels County filed the original application herein, seeking interpretation and clarification of our decision in Schwinden.

The application by Daniels County presents exactly the kind of problem that this Court foresaw and attempted to avert in determining the retroactive and prospective application of Schwinden. As the response filed by the Department of Revenue in this case remarks, our treatment of the retroactive dilemna in Schwinden has avoided costly and needless litigation though it resulted in some loss of tax monies to the counties and to the state. The beneficial effect of our decision in Schwinden was that it extended the taxing power of the state to income that previously had escaped taxation for corporate license tax purposes from November 23, 1984 forward provided that the returns or amended returns were filed after that date.

WHEREFORE, IT IS ORDERED:

1. As a matter of interpretation of our decision in Schwinden, the critical fact as to whether income from federal obligations should be taxed for corporate license tax purposes under our decision in Schwinden, or under our

- 4 -

decision in First Federal is the date of filing the corporate license return by the taxpayer. Returns or amended returns filed before November 23, 1984, are entitled to compute their corporate license taxes in accordance with the decision in First Federal. Returns or amended returns filed after November 23, 1984, are to have corporate license taxes computed according to Schwinden.

2. Amended Rules 42.23.416 and 42.23.417, A.R.M. and new Rule I, properly reflect the prospective and retroactive effect of our decision in Schwinden.

3. We continue to retain jurisdiction of this cause in accordance with our language in Schwinden.

4. A duplicate original of this Opinion shall be filed in this Court in Cause No. 83-551.

5. The Clerk shall mail copies of this Opinion to counsel of record.

DATED this 30 day of December, 1986.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 5 -