No. 01-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 214

_____

KIELY SCHRAPPS,

Petitioner,

v.

MIKE MAHONEY,

Respondent.

_____

**OPINION AND ORDER**

_____

¶1 Kiely Schrapps, appearing pro se, petitions for rehearing regarding our denial by order filed September 18, 2001, of his petition for "extraordinary relief." In our earlier order, we noted that Schrapps' petition did not specify the type of extraordinary relief he was seeking and observed that his options would be habeas corpus or postconviction relief. We concluded that, if the petition was for habeas relief, such relief was not available. We also concluded that, if the petition was for postconviction relief, that relief was not available because it was time-barred under § 46-21-102, MCA. We denied and dismissed the petition for extraordinary relief on that dual basis.

¶2 Schrapps' petition for rehearing raises arguments relating only to the postconviction relief portions of our earlier order. The State has not responded and the time for doing so

has passed. Based on a matter that came to light on review of our earlier order, we conclude Schrapps' petition for rehearing must be granted in part.

¶3 Prior to 1997, § 46-21-101, MCA, permitted a petition for postconviction relief to be filed with the district court that imposed the sentence or directly with this Court. *See* § 46-21-101, MCA (1995). As a result of a petitioner's ability to file directly in this Court, we commonly looked to the substance of an inmate petitioner's claim in, for example, a habeas petition and, in the event habeas relief was not available, we "deemed" the petition one for postconviction relief and proceeded to resolve it on that basis as well. We did so for reasons of judicial economy.

¶4 In 1997, the Montana Legislature amended § 46-21-101, MCA, by deleting a postconviction petitioner's right to file such a petition with this Court. Notwithstanding, we inadvertently continued to follow our traditional practice of deeming an inmate petition one for postconviction relief if the substance of the claims fit, or might fit, within such relief, and resolved them within the original proceeding here.

¶5 It is now clear to this Court that the 1997 amendment to § 46-21-101, MCA, removed our authority to resolve under our original jurisdiction issues cognizable only as postconviction claims. In other words, we lack jurisdiction to do so under § 46-21-101, MCA. In future, if inmate petitions are for habeas relief or other relief properly before this Court as an original proceeding, we will address and resolve them accordingly. To the extent such petitions include claims cognizable, or potentially cognizable, only pursuant to postconviction proceedings, we will direct the Clerk of this Court to forward them for filing in the district court that imposed the sentence, pursuant to § 46-21-101, MCA, with a filing date identical to the date on which the petition was filed with this Court.

¶6 THEREFORE,

¶7 IT IS ORDERED that Schrapps' petition for rehearing is GRANTED IN PART;

¶8 IT IS FURTHER ORDERED that the portions of our order of September 18, 2001, discussing or addressing petitions for postconviction relief in any way or manner were void *ab initio* and, as a result, they shall be, and are hereby, deleted therefrom; and

¶9 IT IS FURTHER ORDERED that the dispositive portion of our earlier order shall be amended to state: "IT IS ORDERED that Schrapps' request to be allowed to proceed in

forma pauperis is GRANTED, but his petition for habeas corpus relief is DENIED and DISMISSED."

¶10 IT IS FURTHER ORDERED that the Clerk shall forward a copy of Schrapps' original petition, together with a copy of our September 18, 2001 order and this Opinion and Order, to the Clerk of the Fourth Judicial District Court, Missoula County, with instructions that the petition be filed in that court for proceedings on any claims cognizable as claims for postconviction relief, with a filing date of September 4, 2001.

¶11 The Clerk is directed to mail a true copy of this Opinion and Order to all counsel of record and to Kiely Schrapps personally.

DATED this 29th day of October, 2001.

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE

/S/ JIM REGNIER