No. 01-031

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 247

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL WRIGHT,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Russell C. Fagg, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Paul Wright, *Pro Se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jim Wheelis,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs: May 24, 2001
Decided: December 6, 2001

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Paul Edward Wright seeks postconviction relief on appeal from the denial of his petition by the Thirteenth Judicial District Court, Yellowstone County. We affirm on the ground the action is barred by the statute of limitations.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On August 11, 1995, the State filed an Information charging 22-year-old Paul Wright with deliberate homicide, in violation of § 45-5-102, MCA, alleging Wright shot and killed Phillip Talamantes on August 7, 1995. Wright signed a plea agreement and Waiver of Rights to Trial, and entered a plea of guilty on May 21, 1996. After a presentence investigation and hearing, the court sentenced Wright on June 11, 1996, to 75 years at Montana State Prison, with five years additional imprisonment as a statutorily enhanced punishment for using a weapon during the commission of the crime, under § 46-18-221, MCA. In accordance with the plea agreement, the court ordered Wright ineligible for parole or for placement in a supervised release program for 20 years. The court filed the order for Judgment and Commitment on June 28, 1996.

¶3 Wright applied to the Sentence Review Division on July 17, 1996, for reconsideration of his sentence. After a hearing on the matter, at which Wright was not represented by counsel, the Division unanimously extended Wright's ineligibility for parole to 30 years due to Wright's prior history of violent behavior and filed an amended judgment on October 28, 1996.

¶4 On February 13, 1997, Wright petitioned this Court for sentence review. We held the Sentence Review Division had violated Wright's constitutional right to counsel, pursuant to Article II, Section 24 of the Montana Constitution and the Sixth Amendment to the United States Constitution, by not appointing counsel to represent Wright through the entire sentence review procedure. *In re the Petition of Paul Edward Wright*, Order 97-087.

On April 30, 1998, we reinstated Wright's original sentence.

¶5 On November 16, 2000, Wright filed the instant *pro se* petition for postconviction relief with the District Court in Yellowstone County, pursuant to the provisions of § 46-21-101, MCA, et seq. The petition was supported by a brief and accompanied by a Motion for Clarification of Sentence and/or Motion to Withdraw Plea. Without requiring responsive pleadings or an evidentiary hearing, the court dismissed the petition and motion on November 27, 2000, finding no factual or legal basis for granting relief.

¶6 The sole issue raised on appeal is whether the District Court erred in denying Wright's petition for postconviction relief.

## STANDARD OF REVIEW

¶7 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7.

## DISCUSSION

¶8 The State asserts Wright's petition for postconviction relief is procedurally barred by the statute of limitations found in § 46-21-102, MCA (1997). We agree.

¶9 In 1997, the Montana Legislature amended the procedures for seeking postconviction relief under § 46-21-101, MCA, et seq. Among other changes, the amendments reduced the statute of limitations for filing a petition from five years to one year from the date a conviction becomes final. Montana Session Laws (1997), Ch. 378, Sec. 4. A special relation-back provision of the 1997 legislation subjected all convictions occurring during the 12 months prior to the April 24, 1997, effective date to the amended procedures. Montana Session Laws (1997), Ch. 378, Sec. 9. The act afforded persons convicted between April 25, 1996, and April 24, 1997, another year following the legislation's effective date, or until April 24, 1998, in which to file their postconviction relief petitions. See, Compiler's Comments to § 46-21-102, MCA (1997).

¶10 The 1997 amendments to § 46-21-102, MCA, made the procedures by which a petitioner may seek relief after conviction expressly retroactive. Retroactive laws include

both laws with a retrospective effect and ex post facto laws. *Saint Vincent Hosp. and Health Center, Inc. v. Blue Cross and Blue Shield of Montana* (1993), 261 Mont. 56, 60, 862 P.2d 6, 9. We have described a retrospective law as one which takes away or impairs a vested right acquired under existing laws or imposes a new obligation, duty, or disability with respect to conduct that occurred before the statute's effective date. *Saint Vincent Hosp.*, 261 Mont. at 60, 862 P.2d at 9. By contrast, the constitutional prohibition against ex post facto laws takes aim at laws that retroactively make innocent action criminal, enlarge the definition of crimes or increase the punishment for criminal acts. *California Dept. of Corrections v. Morales* (1995), 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L. Ed.2d 588. Changes in procedure which do not affect substantive rights do not implicate the prohibition against ex post facto laws. *State v. Goebel,* 2001 MT 155, ¶ 28, 306 Mont. 83, ¶ 28, 31 P.3d 340, ¶ 28; *State v. Duffy*, 2000 MT 186, ¶ 31, 300 Mont. 381, ¶ 31, 6 P.3d 453, ¶ 31.

¶11 The Montana Code states: "No law contained in any of the statutes of Montana is retroactive unless so declared." Section 1-2-109, MCA. While the legislature has the power to enact laws with retrospective effect, the rule of construction requires the intent to apply a law retroactively be gained from the act itself. In amending § 46-21-102, MCA, the legislature explicitly directed the retroactive application of the abbreviated statute of limitations for filing a petition for postconviction relief. Because this procedural change neither alters the definition of the crime nor increases the petitioner's punishment, the amended statute of limitations is not subject to prohibition against ex post facto laws.

¶12 The District Court imposed Wright's sentence on June 11, 1996, which falls within the 12-month period preceding the effective date of the 1997 amendments. Under the relation-back scheme set up by the legislature, Wright had only until April 24, 1998, to file his petition for postconviction relief. Accordingly, Wright's petition for postconviction relief violates the statute of limitations established by § 46-21-102(1), MCA (1997).

¶13 The postconviction statute of limitations is a jurisdictional limit on litigation that is waived by this Court only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity. *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7. See also *State v. Perry* (1988), 232 Mont. 455, 758 P.2d 268. We have repeatedly held that the "miscarriage of justice" exception does not apply to postconviction claims unless a constitutional violation has resulted in the conviction of an innocent person or newly-discovered evidence establishes innocence. *Rosales, ¶ 7; State v. Redcrow*, 1999 MT 95, ¶¶ 33-34, 294 Mont. 252, ¶¶ 33-34, 980 P.2d 622, ¶¶ 33-34

(miscarriage of justice refers to actual, not legal, innocence).

¶14 In his petition, Wright alleges the District Court made a series of errors related to sentencing and contends his acceptance of an onerous punishment by agreement proves that his plea was neither voluntary nor intelligent. Wright neither alleges the discovery of new exculpatory evidence nor asserts his innocence. Consequently, we will not waive the applicable statute of limitations.

¶15 The District Court did not err in dismissing Wright's petition for postconviction relief. Its decision is affirmed.

/S/ JIM RICE

We concur:

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART