No. 02-083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 252N

ROBERT BRIMER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:    District Court of the Tenth Judicial District,
                In and for the County of Fergus,
                The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Robert Brimer (pro se), Shelby, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Carol E. Schmidt,
        Assistant Attorney General, Helena, Montana

        Thomas Meissner, Fergus County Attorney, Lewistown, Montana

                        Submitted on Briefs:  June 27, 2002

                                Decided:    November  21,  2002

Filed:

        _____
                        Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result, to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      The Appellant, Robert Brimer, filed a petition for postconviction relief in the District Court for the Tenth Judicial District in Fergus County.  In his petition, Brimer alleged that numerous errors, in both the pre-trial and trial phases of his case, contributed to his conviction.  The Respondent, State of Montana, asserted that pursuant to § 46-21-102(1), MCA, Brimer's petition was untimely because it was not filed within one year of the date his conviction became final.  The District Court agreed and dismissed Brimer's petition.  Brimer appeals, and asks that counsel be appointed to represent him.  We affirm the judgment of the District Court.

¶3      We restate the sole issue on appeal as follows:

¶4      Is Brimer's petition for postconviction relief barred by the statute of limitations found at § 46-21-102(1), MCA?

**FACTUAL BACKGROUND**

¶5      Robert Brimer was convicted of Obstructing a Peace Officer, in violation of § 45-7-302 (1997), Partner or Family Member Assault, in violation of § 45-5-206, MCA (1997), and Felony Assault, in violation of § 45-5-202, MCA (1997), on September 8, 1999.  On October 26, 1999, the District Court sentenced Brimer to the Department of Corrections for two

2

concurrent five-year periods and imposed a six-month sentence which was suspended.

¶6 In April of 2001, Brimer petitioned this Court for a writ of habeas corpus. Brimer alleged in his petition that: (1) his confession was coerced; (2) he received ineffective assistance of counsel; (3) prosecutorial misconduct led to his conviction; (4) the jury was unconstitutionally selected and impaneled; and (5) his arrest was unlawful. We declined to address the substance of Brimer's claims. We concluded that his claims attacked the validity of his convictions, and were not properly brought in a writ of habeas corpus. Brimer also filed a similar petition for writ of habeas corpus in the United States District Court for the District of Montana in Great Falls. The Honorable Sam E. Haddon concluded that Brimer had failed to exhaust his state remedies and dismissed the petition on August 23, 2001.

¶7 Brimer re-filed his petition for writ of habeas corpus with this Court on October 4, 2001. In his re-filed petition, Brimer requested that we appoint counsel to assist him with the issues raised in his original petition for writ of habeas corpus. We denied Brimer's re-filed petition on November 27, 2001, and noted that, pursuant to § 46-21-101(1), MCA, the proper form by which to present his claims was a petition for postconviction relief. We further noted that a petition for postconviction relief must be filed in the district court in the county where the sentence was imposed, pursuant to § 46-21-101(2), MCA. Therefore, we ordered that Brimer's petition be forwarded to the Tenth Judicial District Court in Fergus County, with a filing date of October 4, 2001, for further consideration of his claims.

¶8 On December 3, 2001, the State filed a motion in the District Court to dismiss Brimer's petition for postconviction relief. The State asserted that Brimer failed to file his petition for postconviction relief within one year of the date his conviction became final, as

3

required by § 46-21-102(1), MCA. The District Court found Brimer's petition for postconviction relief to be untimely, and dismissed the petition on December 7, 2001. Brimer appealed the District Court's dismissal of his petition on January 2, 2002.

## STANDARD OF REVIEW

¶9 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

¶10 Is Brimer's petition for postconviction relief barred by the statute of limitations found at § 46-21-102(1), MCA?

¶11 The District Court found that Brimer's petition for postconviction relief was procedurally barred by the statute of limitations provided in § 46-21-102(1), MCA. On appeal, Brimer contends that the District Court erred by not addressing the merits of his petition. Brimer also asserts that the issues raised in his petition were sufficient to satisfy the "interests of justice" requirement of § 46-21-201(2), MCA. Section 46-21-201(2), MCA, provides that: "If the death sentence has not been imposed and a hearing is required or if the interests of justice require, the court shall appoint counsel for a petitioner who qualifies for the appointment of counsel under Title 46, chapter 8, part 1." Brimer alleges that the "interests of justice" require that counsel be appointed to assist him with his petition for postconviction relief. The State counters that, pursuant to § 46-21-102(1), MCA, the District Court properly dismissed Brimer's petition on procedural grounds.

4

¶12    Section 46-21-102(1), MCA, provides:

> Except as provided in subsection (2), a petition for the relief referred to in § 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final.  A conviction becomes final for purposes of this chapter when:
>
> > (a) the time for appeal to the Montana supreme court expires;
> >
> > (b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
> >
> > (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

Subsection (2) of § 46-21-102, MCA, is inapplicable to the facts of the instant case.

¶13    Brimer was sentenced by the District Court on October 26, 1999.  Pursuant to Rule 5(b), M.R.App.P., an appeal from a judgment in a criminal case must be filed within sixty days of the date of the judgement appealed from.  Therefore, Brimer had until December 26, 1999, to file an appeal with this Court.  Brimer filed no appeal.  Therefore, pursuant to subsection (a) of § 46-21-102(1), MCA, Brimer's conviction became final on December 26, 1999.

¶14    A petition for postconviction relief "may be filed at any time within 1 year of the date that the conviction becomes final."  Section 46-21-102(1), MCA.  Brimer had until December 26, 2000, to file a timely petition for postconviction relief.  Brimer's petition for postconviction relief was filed in the District Court on October 4, 2001, more than nine months after the statute of limitations had expired.  Furthermore, even Brimer's original petition for writ of habeas corpus, filed in April of 2001, was filed three months after the statute of limitations had expired.

5

¶15    In *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7, we noted that: "The postconviction statute of limitations is a jurisdictional limit on litigation and is waived only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." We have repeatedly held that the "'miscarriage of justice' exception does not apply to postconviction claims unless a constitutional violation has resulted in the conviction of an innocent person or newly-discovered evidence establishes innocence." *State v. Wright*, 2001 MT 247, ¶ 13, 307 Mont. 100, ¶ 13, 38 P.3d 772, ¶ 13. In this case, there is no evidence before us to indicate that Brimer is actually innocent of the charges for which he was convicted. Furthermore, Brimer did not specifically assert his innocence at any point during this appeal. Accordingly, there is no basis upon which we can conclude that a miscarriage of justice occurred in Brimer's case.

¶16    Brimer filed his petition for postconviction relief more than nine months after the statute of limitations found at § 46-21-102(1), MCA, had expired. Therefore, Brimer's petition for postconviction relief is barred by the statute of limitations.

¶17    For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

6

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART