No. 02-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 283N

FRANK JAY WORKMAN,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Frank Jay Workman (pro se), Butte, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Carol E. Schmidt,
                Assistant Attorney General, Helena, Montana

                Tom Esch, Flathead County Attorney; Ed Corrigan, Deputy County
                Attorney, Kalispell, Montana

                        Submitted on Briefs:  October 3, 2002

                                Decided:  December 10, 2002

Filed:

                _____
                             Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), of the Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result, to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     The Appellant, Frank Jay Workman, filed a petition for post-conviction relief in the District Court for the Eleventh Judicial District in Flathead County.  In his petition, Workman alleged that he received ineffective assistance of counsel, and that his rights were violated at the time of his plea and at sentencing.  The District Court found Workman's petition to be untimely because it was not filed within one year of the date his conviction became final, as required by § 46-21-102, MCA (1997).  Workman appeals the District Court's denial of his petition for post-conviction relief.  We affirm the judgment of the District Court.

¶3     We restate the sole issue on appeal as follows:

¶4     Is Workman's petition for post-conviction relief barred by the statute of limitations found at § 46-21-102(1), MCA (1997)?

**FACTUAL BACKGROUND**

¶5     On June 4, 1997, Frank Jay Workman pled guilty to the offense of felony assault, in violation of § 45-5-202, MCA (1995).  The District Court sentenced Workman to the Department of Corrections (DOC) for a period of ten years, with five years suspended, on

August 28, 1997. On September 23, 1998, Workman was released on parole. Conditions of Workman's parole were that he not commit any further offenses and that he refrain from consuming alcoholic beverages. On March 25, 1999, Workman was charged with driving under the influence of alcohol or drugs, fourth or subsequent offense, a felony, in violation of § 61-8-401, MCA (1997). Workman pled guilty to the reduced charged of driving under the influence of alcohol, third offense, a misdemeanor, in violation of § 61-8-401, MCA (1997), on August 26, 1999.

¶6 The Probation and Parole Bureau of the DOC filed a report detailing Workman's parole violations on September 10, 1999. Workman admitted to these violations on September 10, 1999, and was remanded to the custody of the DOC to serve the remainder of his original five-year sentence. On September 20, 1999, the Respondent, State of Montana, filed a petition to revoke the suspended portion of Workman's original sentence. The District Court granted the State's petition on September 23, 1999, and sentenced Workman to the DOC for a period of five years, all of which was suspended. The District Court also sentenced Workman to the Flathead Detention Center for a consecutive period of one year for the offense of driving under the influence of alcohol, all of which was suspended.

¶7 On January 10, 2001, Workman filed a petition for post-conviction relief in the District Court. Workman alleged in his petition that: (1) he received ineffective assistance of counsel; (2) the District Court failed to inform him of his right to withdraw his plea at sentencing; (3) his mental state was unstable when he entered his plea; and (4) the State violated his plea bargain at sentencing. The allegations in Workman's petition all related to

either his original guilty plea on June 4, 1997, or to his original sentencing on August 28, 1997.

¶8     On March 15, 2001, Workman filed an appeal before this Court. We dismissed Workman's appeal on September 18, 2001, because the District Court had not yet decided Workman's petition for post-conviction relief. The District Court then found Workman's petition for post-conviction relief untimely, and denied the petition on October 25, 2001. Workman appealed the District Court's dismissal of his petition on March 6, 2002.

## STANDARD OF REVIEW

¶9     The standard of review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

¶10    Is Workman's petition for post-conviction relief barred by the statute of limitations found at § 46-21-102(1), MCA (1997)?

¶11    The District Court found that Workman's petition for post-conviction relief was procedurally barred by the statute of limitations provided in § 46-21-102(1), MCA (1997). Workman asserts that the District Court erred by not addressing the merits of his petition. The State contends that, pursuant to § 46-21-102(1), MCA (1997), the District Court properly dismissed Workman's petition on procedural grounds.

¶12    Section 46-21-102, MCA (1997), provides:

4

(1) Except as provided in subsection (2), a petition for the relief referred to in § 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:

(a) the time for appeal to the Montana supreme court expires;

(b) if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or

(c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.

(2) A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶13 The District Court concluded that subsection (2) of § 46-21-102, MCA (1997), was inapplicable to Workman's petition for post-conviction relief. That is, although Workman alleged that his petition included new evidence, the petition did not offer new evidence which tended to prove that Workman did not engage in the criminal conduct for which he was convicted. In fact, Workman did not deny his guilt in his petition for post-conviction relief. Therefore, we hold that subsection (2) of § 46-21-102, MCA (1997), is inapplicable to the facts of this case. We now address subsection (1) of § 46-21-102, MCA (1997).

¶14 The four claims in Workman's petition for post-conviction relief pertain to either his guilty plea on June 4, 1997, or to his sentencing on August 28, 1997. Pursuant to Rule 5(b), M.R.App.P., an appeal from a judgment in a criminal case must be filed within sixty days of the date of the judgement appealed from. Workman was sentenced by the District Court on

5

August 28, 1997. Therefore, Workman had until October 28, 1997, to file an appeal with this Court. Workman filed no appeal. Accordingly, pursuant to subsection (a) of § 46-21-102(1), MCA (1997), Workman's conviction became final on October 28, 1997.

¶15     A petition for post-conviction relief "may be filed at any time within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA (1997). Consequently, Workman had until October 28, 1998, to file a timely petition for post-conviction relief. However, Workman's petition for post-conviction relief was filed in the District Court on January 10, 2001, more than two years after the statute of limitations found at § 46-21-102(1), MCA (1997), had expired.

¶16     In *State v. Rosales*, 2000 MT 89, ¶ 7, 299 Mont. 226, ¶ 7, 999 P.2d 313, ¶ 7, we noted that: "The post[-]conviction statute of limitations is a jurisdictional limit on litigation and is waived only when there is a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." We have repeatedly held that the "'miscarriage of justice' exception does not apply to post[-]conviction claims unless a constitutional violation has resulted in the conviction of an innocent person or newly-discovered evidence establishes innocence." *State v. Wright*, 2001 MT 247, ¶ 13, 307 Mont. 100, ¶ 13, 38 P.3d 772, ¶ 13. As we have already indicated, there is no evidence before us to indicate that Workman is actually innocent of the felony assault charge for which he was convicted. Furthermore, Workman did not assert his innocence in his petition for post-conviction relief, or in his appeal to this Court. Accordingly, there is no basis upon which we can conclude that a miscarriage of justice occurred in Workman's case.

¶17    Workman filed his petition for post-conviction relief more than two years after the statute of limitations found at § 46-21-102(1), MCA (1997), had expired.  Therefore, Workman's petition for post-conviction relief is barred by the statute of limitations in § 46-21-102(1), MCA (1997).

¶18    For the foregoing reasons, the judgment of the District Court is affirmed.


/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER