No. 03-205

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 225N

BRUCE E. MANTHA,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DV-02-433,
                     Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Bruce E. Mantha, Pro Se, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
        Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs:  July 3, 2003

Decided:   August 25, 2003

Filed:

_____
                           Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Bruce E. Mantha appeals from the District Court's summary dismissal of his petition for postconviction relief for failure to comply with the one-year filing deadline.

¶3 Mantha was convicted of indecent exposure and attempted sexual intercourse without consent following a jury trial in the Fourth Judicial District Court, Missoula County. He was sentenced to six months in the county jail on the indecent exposure and forty years at Montana State Prison for attempted sexual intercourse without consent. Judgment was entered on April 23, 1997.

¶4 Approximately four years after final judgment, Mantha filed a petition for writ of habeas corpus in the Supreme Court. At the Attorney General's request, the Supreme Court forwarded the petition to District Court for consideration as a postconviction relief petition in accordance with *Schrapps v. Mahoney*, 2001 MT 214, 306 Mont. 402, 36 P.3d 338. Mantha filed an objection to the Court's order, contending that he was not subject to the 1997 requirement that all postconviction petitions be filed in the District Court. This Court disagreed, ruling that Mantha is subject to the 1997 provisions.

2

¶5     On February 3, 2003, the District Court issued an order denying postconviction relief on the ground that Mantha had not pursued collateral relief in a timely manner. The court noted that Mantha had one year from the date of his conviction in which to petition for postconviction relief. Mantha did not file a petition alleging any substantive claims until February 2002, which was nearly four years beyond the date his conviction became final. The petition was therefore untimely and had to be dismissed on procedural grounds. The District Court then denied Mantha's pending motions and withdrew its previous order requesting a responsive pleading from the State. Mantha then appealed to this Court.

¶6     Since the District Court denied Mantha's petition based on the one-year limitations period in § 46-21-102, MCA (1997), that legal conclusion is reviewed for correctness.

DISCUSSION

¶7     Judgment was rendered in Mantha's case on April 23, 1997. The following day, April 24, 1997, several new postconviction relief statutes went into effect, including § 46-21-102, MCA, which reduced the limitation period for filing a petition from five years to one year from the date the conviction became final. 1997 Mont. Laws, Chap. 378, Section 4. Applicability of this new statute was discussed recently in *State v. Wright*, 2001 MT 247, 307 Mont. 100, 38 P.3d 772, where the Court observed:

> A special relation-back provision of the 1997 legislation subjected all convictions occurring during the 12 months prior to the April 24, 1997, effective date to the amended procedures. . . . The act afforded persons convicted between April 25, 1996, and April 24, 1997, another year following the legislation's effective date, or until April 24, 1998, in which to file their postconviction relief petitions.

*Wright*, ¶ 9 (citation omitted).

¶8     Mantha's judgment was entered within the twelve-month period proceeding the effective date of the 1997 amendments. Under the relation-back scheme set up by the legislature, Mantha had until April 24, 1998, to file his petition for postconviction relief. Even if this Court were to grant Mantha the added benefit of the sixty days to file a direct appeal, which would make his conviction "final" for purposes of § 46-21-102(1), MCA (1997), his petition would still not be timely. Adding sixty days from April 23, 1997, would mean Mantha's postconviction petition should have been filed by June 23, 1998. Mantha did not file a collateral petition until the year 2001, which is clearly untimely.

¶9     The time period for filing a postconviction petition under § 46-21-102(1), MCA, is a jurisdictional limit on litigation and waiver is justified only by a clear miscarriage of justice. *State v. Abe*, 2001 MT 260, 307 Mont. 233, 37 P.3d 77. The clear miscarriage of justice exception does not apply unless the defendant provides newly-discovered evidence that shows he is actually innocent. Mantha has not come forward with any newly-discovered evidence of his actual innocence. Accordingly, the District Court had no jurisdiction to consider his petition. The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ PATRICIA COTTER

4

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER