No. 03-647

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 110

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

LEVI DANIELS,

        Defendant  and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 99–30
Honorable C. B. McNeil, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Kristina Guest, Assistant Appellate Defender,
            Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
            Assistant Attorney General, Helena, Montana

            Robert J. Long, Lake County Attorney, Polson, Montana


Submitted on Briefs:  March 16, 2005

Decided:  May 4, 2005

Filed:

_____
                  Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     While still a minor, Levi Daniels pled guilty to burglary and criminal mischief and entered an *Alford* plea to deliberate homicide by accountability in the Twentieth Judicial District Court, Lake County.  Judgment was entered against him.  He appeals the District Court's denial of his subsequent petition for postconviction relief.  We affirm.

¶2     On November 4, 2004, we granted Daniels' motion to voluntarily withdraw an issue concerning his 25-year suspended sentence, which he briefed on appeal.  Thus, the sole issue before us is whether the District Court had jurisdiction to proceed over Daniels' case.

## BACKGROUND

¶3     In March of 1999, the State of Montana moved the District Court, pursuant to § 41-5-206, MCA (1997), for leave to file an information charging Daniels with burglary, misdemeanor theft, deliberate homicide and use of violence to coerce gang membership.  The District Court granted the State leave to file the Information, stating in its order, "[h]aving reviewed the Affidavit in support of the Information filed herewith, the Court finds probable cause to believe that the Defendant committed the alleged offenses and that the seriousness of the offense[s] and the protection of the community require treatment of the Defendant beyond that offered by juvenile facilities."  At that time, Daniels was a few days shy of his sixteenth birthday.  The District Court also granted the State's motion to amend the Information to add a charge of felony criminal mischief.

¶4 In May of 1999, the District Court conducted a brief hearing to address the findings required under § 41-5-206, MCA, before an information may be filed against a youth in district court. Daniels was present at the hearing, with his counsel. The prosecutor stated the court had already found probable cause and that the purpose of the hearing was to determine the seriousness of the offense and whether the interests of the community justified the transfer of the case into district court. The prosecutor then stated it was her understanding that, rather than going through a hearing, Daniels would be stipulating that the court could make those findings. Defense counsel stated, "That's correct, Your Honor." The prosecutor then volunteered to prepare an order and the hearing ended.

¶5 Daniels and the State later entered into a plea agreement. The State moved to dismiss the charges of theft and use of violence to coerce gang membership; Daniels pled guilty to burglary and criminal mischief and pled to deliberate homicide by accountability pursuant to *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The District Court sentenced Daniels and entered judgment.

¶6 In March of 2002, Daniels filed a *pro se* petition for postconviction relief. The District Court appointed the Appellate Defender Office to represent him and that office filed an amended petition for postconviction relief on his behalf. After the State filed a response, the District Court denied postconviction relief, in relevant part, on grounds that the requirements for a transfer hearing to district court had been met. Daniels appeals from that portion of the District Court's order.

3

¶7    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings are clearly erroneous and whether its conclusions of law are correct. *Peña v. State*, 2004 MT 293, ¶ 14, 323 Mont. 347, ¶ 14, 100 P.3d 154, ¶ 14.

DISCUSSION

¶8    Did the District Court have jurisdiction to proceed over Daniels' case?

¶9    Daniels contends the District Court lacked jurisdiction to proceed over his case because he never expressly waived his right to a hearing pursuant to § 41-5-206(3), MCA. He contends his counsel's agreement with the prosecutor that he intended to waive the hearing--instead of his own personal waiver of that right--did not constitute a valid waiver of his right to a hearing.

¶10   The State contends we need not reach the merits of this issue because Daniels' claim is time-barred. We agree.

¶11   Daniels did not file a direct appeal. As a result, his conviction became final when his time for filing an appeal expired in December of 1999. Pursuant to § 46-21-102, MCA, he had one year from December of 1999 to file a petition for postconviction relief. He did not file his original, *pro se* petition until March of 2002.

¶12   Daniels mistakenly contends the absence of jurisdiction he claims in this case transcends the statutory one-year time limit for petitions for postconviction relief. Both jurisdictional and nonjurisdictional claims are subject to the time limitation in § 46-21-102, MCA. *Peña,* ¶ 38. The time bar applies to all claims except claims alleging the existence

of newly-discovered evidence which, if proved and viewed in light of the evidence as a whole, would establish that the petitioner is actually or legally innocent. *Peña*, ¶ 27. Daniels has made no such claim. We conclude Daniels' claim that the District Court lacked jurisdiction is time-barred under § 46-21-102, MCA.

¶13    We will affirm a correct result even if the district court reached that result for the wrong reason. *Raugust v. State*, 2003 MT 367, ¶ 9, 319 Mont. 97, ¶ 9, 82 P.3d 890, ¶ 9 (citation omitted). We hold that the District Court did not err in denying Daniels' petition for postconviction relief.

¶14    Affirmed.


/S/ KARLA M. GRAY


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART