No. 04-878

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 248N

JOHN A.P. HANNAN,

        Petitioner and Appellant

    v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln, Cause No. DC 99-43
                The Honorable Michael C. Prezeau, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        John A.P. Hannan, *pro se*, Crossroads Correctional Center, Shelby, Montana

    For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana


              Submitted on Briefs:  August 17, 2005

                        Decided:  October 13, 2005


Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable opinions published in the Pacific Reporter and Montana Reports.

¶2 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶3 The Nineteenth Judicial District Court, Lincoln County, denied John Hannan's (Hannan) "Petition for Relief" on October 27, 2004, finding that as a matter of law Hannan failed to state a claim for which relief may be granted. We affirm.

¶4 On appeal from denial of postconviction relief, we review a district court's findings to determine whether they are clearly erroneous, and the court's conclusions to determine whether the court correctly applied the law. *Lout v. State*, 2005 MT 93, ¶ 11, 326 Mont. 485, ¶ 11, 111 P.3d 199, ¶ 11 (citations omitted).

¶5 On December 30, 1999, Hannan pled guilty and was convicted of Mitigated Deliberate Homicide, a felony, in violation of § 45-5-103, MCA. Hannan was then sentenced on January 6, 2000, to a 40-year prison term at the Montana State Prison; he remains imprisoned now. As part of his Sentencing Order it was recommended that if Hannan should be paroled, he would be required to make restitution payments totaling

2

$20,800.80, including $1,210.00 to the Crime Victim Compensation Program.

¶6    On July 12, 2002, Hannan filed a Petition for Postconviction Relief, which was denied by the District Court on August 28, 2002. Hannan appealed to this Court, but later dismissed his appeal. We issued an Order of Dismissal on June 10, 2003.

¶7    On July 6, 2004, the Department of Corrections began garnishing one-third of Hannan's prison wages to reimburse the Crime Victim Compensation Program for funds paid to the victim of Hannan's crime. Then, on October 25, 2004, more than three years after his conviction, Hannan filed a *pro se* document in the District Court entitled "Petition for Relief" (Petition), referencing the cause number (DC-99-43) of the charge which resulted in his conviction of Mitigated Deliberate Homicide.

¶8    In his Petition, Hannan claimed that (1) Crossroads Correction Center (Center) in Shelby, Montana, where he was then incarcerated, had no authority to garnish his inmate account to pay his obligation to the Crime Victim's Compensation Program prior to his release on parole, and (2) the Center's action violated his Sentencing Order. Hannan asked the District Court to void his Plea Agreement, order the State to reimburse him for money withdrawn from his prison account, and reimburse him for costs incurred pursuing the relief he requested.

3

¶9    Though it was not entirely clear from the pleadings, the District Court concluded that because Hannan referenced case number DC-99-43, he was seeking postconviction relief. We concur.

¶10    We find the District Court's dismissal was proper both because the time for seeking postconviction relief has run, and because Montana's postconviction relief statute provides no remedy for complaints about matters between prisoners and correctional facilities. Pursuant to § 46-21-102, MCA, Hannan had one year from the time his conviction was final to file a petition for postconviction relief. *State v. Daniels*, 2005 MT 110, ¶ 11, 327 Mont. 78, ¶ 11, 111 P.3d 675, ¶ 11. Hannan did not file a direct appeal, so his conviction became final when his time for filing an appeal expired in December 2000. He then had one year to file a petition for postconviction relief; the timely petition Hannan did file was subsequently dismissed at his request. Hannan filed the Petition at issue here on October 25, 2005, well after the allowable time had expired. Relief is therefore barred as untimely.

¶11    Moreover, Hannan's complaint about wage garnishment does not fall within the parameters of Montana's postconviction relief statute. Section 46-21-101(1), MCA, provides remedies for non-appealable errors related to criminal convictions or sentences, but not for challenges to actions taken by the State's correctional facilities. This Court cannot grant relief which the statute does not provide.

¶12   For the foregoing reasons, we affirm the District Court's denial of Hannan's Petition for Relief.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART