No. 05-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 108N

FARREN GENE GALPIN,

        Defendant and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2000-50,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Farren Gene Galpin, *pro se*, Great Falls, Montana

    For Respondent:

    Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

    George H. Corn, Ravalli County Attorney, T. Geoffrey Mahar,
Chief Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  January 19, 2006

Decided:  May 16, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable opinions published in the Pacific Reporter and Montana Reports.

¶2 On March 1, 2005, the District Court dismissed Farren Gene Galpin's (Galpin) *pro se* Petition for Postconviction Relief. We affirm.

¶3 On appeal from denial of postconviction relief, we review a district court's findings to determine whether they are clearly erroneous, and the court's conclusions to determine whether the court correctly applied the law. *Lout v. State,* 2005 MT 93, ¶ 11, 326 Mont. 485, ¶ 11, 111 P.3d 199, ¶ 11 (citations omitted).

¶4 On November 1, 2000, Galpin was convicted by a jury of six counts of criminal conduct related to the possession of dangerous drugs and production of methamphetamines in the presence of children. He was sentenced on January 3, 2001, to a fifty year term of imprisonment with twenty years suspended. Galpin's sentence included a ten year term resulting from the District Court's designation of Galpin as a persistent felony offender pursuant to § 46-13-108, MCA.

¶5 The District Court's Judgment and Commitment issued on January 9, 2001. Galpin's sentence was reviewed by the Sentence Review Division of this Court and approved on May 8, 2003. Concurrently, Galpin filed an appeal. On November 25, 2003, this Court dismissed

Galpin's criminal possession charge and affirmed all remaining charges. *See State v. Galpin,* 2003 MT 324, 318 Mont. 318, 80 P.3d 1207. Consequently, on January 27, 2004, the District Court issued an Amended Judgment and Commitment in accordance with this Court's ruling on Galpin's appeal.

¶6 On March 23, 2004, Galpin timely petitioned for postconviction relief in the District Court raising seven issues which are summarized as follows:

(1) Whether his sentence resulted in double jeopardy violations;
(2) Whether statutes under which Galpin was charged and sentenced were unconstitutional;
(3) Whether the State failed to properly apply the law;
(4) Whether the District Court admitted illegally obtained evidence at trial;
(5) Whether the jury viewed inadmissible evidence;
(6) Whether Galpin improperly received multiple sentences related to his "common scheme" conviction; and
(7) Whether Galpin's trial counsel was ineffective.

¶7 When a petitioner for postconviction relief has the opportunity to appeal directly to this Court, "grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [postconviction] proceeding. . . ." Section 46-21-105(2), MCA. Accordingly, claims which could reasonably have been raised on appeal are procedurally barred from consideration in postconviction proceedings. *Kills On Top v. State* (1995), 273 Mont. 32, 61, 901 P.2d 1368, 1387. The District Court determined that five of Galpin's seven postconviction claims—Issues (1)-(3), (5) and (6) above—could have been raised on direct appeal and therefore were procedurally barred from consideration in postconviction proceedings. Even though the District Court then addressed the merits of Galpin's claims, we concur that the District Court properly concluded Issues

3

(1)-(3), (5) and (6) were procedurally barred from postconviction relief proceedings by the provisions of § 46-21-105(2), MCA.  Therefore, we will not address the merits of those Issues.

¶8      The District Court further concluded that Galpin's claim regarding illegally obtained evidence—Issue (4) above—was addressed by this Court on direct appeal in *Galpin,* and is therefore barred by the doctrine of *res judicata.*  We concur.

¶9      Galpin's final claim—Issue (7)—is that he was denied effective assistance of both trial counsel and appellate counsel.  Claims of ineffective assistance of counsel constitute mixed questions of law and fact which we review *de novo.  Clausell v. State,* 2005 MT 33, ¶ 10, 326 Mont. 63, ¶ 10, 106 P.3d 1175, ¶ 10.  We apply the two-part *Strickland* test to evaluate ineffective assistance of counsel claims.  *Clausell,* ¶ 19, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.  Under *Strickland*, Galpin bears the burden to show first that his counsel's performance fell below an objective standard of reasonableness.  *State v. Grixti*, 2005 MT 296, ¶ 25, 329 Mont. 330, ¶ 25, 124 P.3d 177, ¶ 25 (citation omitted).  "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Grixti,* ¶ 25 (internal quotation and citation omitted).  If he meets the first prong of the *Strickland* test, Galpin next must prove that counsel's deficient performance prejudiced his defense sufficiently to alter the result of the proceedings.  *Grixti,* ¶ 26 (citation omitted).

¶10     Galpin bases his claims of ineffective assistance of trial counsel on:  (1) counsel's refusal to move for dismissal on the basis of double jeopardy; (2) counsel's refusal to make a

motion to dismiss for the violation of speedy trial rights; (3) counsel's refusal to object to the consecutive sentence resulting from Galpin's designation as a persistent felony offender; (4) counsel's refusal to object to the court's communication with the jury outside of Galpin's presence; and (5) counsel's refusal to move for dismissal for lack of evidence supporting criminal endangerment charges.

¶11 As to claim (1), the elements of proof required for conviction of Possession of Precursors to Dangerous Drugs differ from the elements required to prove Manufacture or Production of Dangerous Drugs. *See* § 45-9-107, MCA, and § 45-9-110, MCA. Therefore Galpin's double jeopardy claim is meritless. Counsel did not err in refusing to move to dismiss on double jeopardy grounds.

¶12 Galpin's criticism of appellate counsel's assistance—claim (2) above—is also meritless because counsel's failure to move for dismissal on speedy trial grounds does not, by itself, satisfy the *Strickland* requirements for establishing ineffective assistance of counsel. Appellate counsel is not required to raise every colorable issue on appeal. *Petition of Martin* (1989), 240 Mont. 419, 422, 787 P.2d 746, 748 (citation omitted). The *Strickland* standard is not whether counsel did everything the defendant requested him to do, but whether counsel provided reasonably effective assistance considering the circumstances existing at the time.

¶13 Claims (3) and (4) relate to counsel's failure to object during trial and at sentencing. "A defense counsel's use of objections lies within his or her discretion; a failure to object must, beyond being error, also prejudice the defendant." *Clausell*, ¶ 20 (citation omitted). As previously noted, the Sentence Review Division of this Court approved Galpin's

sentence. Therefore, the conditions of Galpin's sentence were neither erroneous, nor prejudicial to him. We conclude that counsel acted reasonably in deciding not to object to the portion of Galpin's sentence resulting from his designation as a persistent felony offender. As to claim (4) regarding alleged *ex parte* communications between the District Court and the jury, Galpin failed to specify any facts to support his allegation. Claims of ineffective assistance of counsel must be grounded in fact, not merely conclusory allegations. *Kills On Top v. State* (1996), 279 Mont. 384, 396, 928 P.2d 182, 189. Galpin does not state when *ex parte* communications occurred, what the subject matter of the communication was, or what the context was. We are therefore unable to effectively analyze, much less verify Galpin's claim, and cannot find fault with counsel's assistance on this issue.

¶14 Galpin's final claim of ineffective assistance of counsel—(5) above—results from counsel's failure to move to dismiss the criminal endangerment charge for lack of evidence. On direct appeal of this issue we found that "a rational trier of fact could have found, and did find here, the requisite elements of criminal endangerment beyond a reasonable doubt." *Galpin*, ¶ 49. We previously found this issue meritless, and therefore Galpin's claim does not now support a finding of ineffective assistance of counsel.

¶15 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶16 For the foregoing reasons, we affirm.

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS